MRS. MYRTLE J. BROWN AND MELVIN JOHNSON, EXECUTORS UNDER
THE LAST WILL AND TESTAMENT OF THE LATE HASSIE M. JOHNSON;
AND MRS. MYRTLE J. BROWN, INDIVIDUALLY, AND MELVIN JOHN-
SON, INDIVIDUALLY, v. MRS. MARY J. BYRD, VANCE JOHNSON,
MRS. LURA J. WOOD, AVERY JOHNSON, CLAUDE B. JOHNSON,
MRS. ISABELLE J. GREGORY, MRS. EMMA J. DANIELS, MRS.
GWENDOLYN J. AVERY, TIM JOHNSON, MACK BYRD, MRS. LOIS
B. FISHER, DR. DWIGHT J. BROWN, JR., MRS. FRANCES B. LUGO,
MRS. HORTENSE W. PARKER, MRS. WEECE W. DUFFY, MACK
L. WOOD, GENE WOOD, MRS. JANICE W. McLEOD, MRS. BILLIE
W. SAWYER, MRS. STELLA J. CALDWELL, THOMAS R. JOHNSON,
WILLIAM ERWIN JOHNSON, GERALD J. JOHNSON, MRS. MAR-
GARET J. TEMPLE, MRS. HELEN J. BYRD, MRS. GLADYS J.
BYRD, MRS. PAULINE J. SMITH, JERRY JOHNSON, BILLY JOHN-
SON, WILLIAM PRESTON JOHNSON, CLIFTON JOHNSON, MRS.
BEULAH J. McDONALD, MRS. EVELYN J. STEPHENSON, DALLAS
B. JOHNSON, CLAYTON JOHNSON, EDWARD JOHNSON, MRS.
ROTHA J. McLAMB, MRS. JUANITA J. STRICKLAND, RALPH
TURLINGTON, MRS. THELMA T. SNIPES, COLMAN TURLINGTON,
MRS. ELOISE T. GREGORY, MRS. KATHLEEN T. BOWDEN, BOBBY
TURLINGTON, MRS. MARGARET T. GREGORY, WALLACE DAN-
IELS, LT. T. W. DANIELS, JR., S/SGT. CHARLES V. DANIELS,
MRS. PATSY DANIELS BACUZZI, AND MRS. VOLA JOHNSON.

(Filed 27 April, 1960.)

**Wills §§ 7, 34a—**

Where there are only two subscribing witnesses to an attested
will, such witnesses may not take under the will, G.S. 31-10, and judg-
ment that such witnesses were entitled to take their respective shares
bequeathed to them by the will as members of a class must be held for
error.

APPEAL by certain (sixteen) defendants, Mrs. Gwendolyn J. Avery,
*et al.,* from *Williams, J.,* October Term, 1959, of HARNETT.

Civil action under the Declaratory Judgment Act, G.S. 1-253 *et seq.,*
for construction of the last will and testament of Hassie M. Johnson.
The testator died June 18, 1957. His will, dated November 6, 1952,
was duly probated and letters testamentary were issued on July 5,
1957.

Plaintiffs instituted this action as executors and also as individuals.
Mrs. Myrtle J. Brown is a sister of Hassie M. Johnson. Melvin John-
son is a son of Avery Johnson, a surviving brother of Hassie M.
Johnson.

Hassie M. Johnson had nine brothers and sisters. Eight survived
him and are now living. Each of these eight had a child or children
who survived the testator and are now living. These nieces and
nephews of the testator number thirty-nine. Will Johnson, a brother,

predeceased the testator. He had four children, all of whom survived him and the testator and are now living. All of the forty-three nieces and nephews of Hassie M. Johnson are of full age and *sui juris* except Mrs. Patsy Daniels Bacuzzi, whose mother is a surviving sister of Hassie M. Johnson.

The defendants are: (1) The surviving brothers and sisters, except plaintiff Mrs. Myrtle J. Brown; (2) the surviving nieces and nephews, except plaintiff Melvin Johnson; and (3) Mrs. Vola Johnson, not related to the testator by blood.

Separate answers were filed by (1) Mrs. Gwendolyn J. Avery, *et al.*, children of brothers and sisters who survived Hassie M. Johnson, (2) Mrs. Vola Johnson, and (3) the guardian *ad litem* of Patsy Daniels Bacuzzi.

The questions presented relate solely to the following dispositive provision:

> "2nd—That all of the Johnson Furniture Co. Store and 1 Chevrolet Car and all the Benefits of the Jr O U A M, State & National, The P O S of A and the Sons & Daughter of Liberty Be divided equal among all my Brothers and Sisters and the children except Melvin Johnson Two Extra Shares and Mrs. Vola Johnson 1 share that are living at the time of my Death."

Plaintiffs allege the amount for distribution under said dispositive provision is $21,755.17 less costs. Mrs. Vola Johnson denies this allegation and asserts she has a $3,200.00 claim against the estate for services rendered Hassie M. Johnson.

The court concluded that each of the eight surviving brothers and sisters was entitled to receive one full share (1/16 part); that each of the four children of Will Johnson was entitled to receive a full share (1/16 part); that Mrs. Vola Johnson was entitled to receive a full share (1/16 part); and that Melvin Johnson was entitled to receive three full shares (3/16 part).

Judgment, in accordance with this construction of the will, was entered. Fifteen of the nieces and nephews of Hassie M. Johnson, children of a surviving brother or sister, and also Mrs. Vola Johnson, excepted and appealed.

*Howard G. Godwin for plaintiffs, appellees.*
*Robert Morgan and McLeod and McLeod for defendants, appellants.*

BOBBITT, J. Plaintiffs allege that the four children of Will Johnson "were called 'the children' by the said Hassie M. Johnson during his lifetime." The answers deny this allegation. The answer of

Mrs. Gwendolyn J. Avery, *et al.,* alleges that Hassie M. Johnson referred to all of his nieces and nephews as "the children." The court made no finding of fact as to this controverted matter.

The judgment contains recitals to the effect (1) that the facts are not in dispute, and (2) that the court "heard the evidence, stipulations and written contentions of the parties," and made the findings of fact set forth in the judgment. The record before us contains neither evidence nor stipulations. If the "circumstances attendant" when the will was executed are to be considered in ascertaining the intent of the testator, there must be stipulations or evidence and findings of fact with reference thereto. See *Entwistle v. Covington,* 250 N.C. 315, 108 S.E. 2d 603; *Trust Co. v. Wolfe,* 243 N.C. 469, 91 S.E. 2d 246; S. c., 245 N.C. 535, 96 S.E. 2d 690. We would be reluctant to construe the will in the absence of stipulations or evidence and findings of fact relating to the question of fact raised by the pleadings as to the identity of the persons referred to by the testator as "the children." Be that as it may, the judgment must be vacated for the reason stated below.

Under the judgment, Melvin Johnson, a plaintiff, and Mrs. Vola Johnson, a defendant, are adjudged beneficiaries. Yet it appears on the face of the record that these two persons were the attesting witnesses, and the only attesting witnesses, to the will. The record indicates, and it was stated on oral argument, that the will was probated as an attested will.

G.S. 31-10, as amended by Ch. 1098, Session Laws of 1953, and by Ch. 73, Session Laws of 1955, provides:

"(a) A witness to an attested written or a nuncupative will, to whom or to whose spouse a beneficial interest in property, or a power of appointment with respect thereto, is given by the will, is nevertheless a competent witness to the will and is competent to prove the execution or validity thereof. However, if there are not at least two other witnesses to the will who are disinterested, the interested witness and his spouse and any one claiming under him shall take nothing under the will, and so far only as their interests are concerned the will is void.

"(b) A beneficiary under a holographic will may testify to such competent, relevant and material facts as tend to establish such holographic will as a valid will without rendering void the benefits to be received by him thereunder."

Upon the present record, Melvin Johnson and Mrs. Vola Johnson take nothing under the will and so far as their interests are con-

cerned the will is void. Hence, the judgment is vacated, and the cause remanded for hearing *de novo*.

Judgment vacated, cause remanded.