## IN THE MATTER OF THE WILL OF FAITH N. CHARLES.

(Filed 15 January, 1965.)

**1. Wills § 8—**

The clerk of the Superior Court as probate judge has the sole power in the first instance to determine whether defendant died testate or intestate and whether a script offered for probate is his will.

**2. Same—**

Upon proof of the execution of a paper writing as a will it should be admitted to probate in common form, the proceeding being *ex parte*, and when so probated the paper writing stands as a will and the only will of testator until challenged and reversed in a proper proceeding before a competent tribunal, and other writings executed by decedent may not thereafter be offered for probate in common form, since this would be a collateral attack on the first probate.

**3. Wills § 12—**

Challenge to the probate of a paper writing in common form is by direct attack by caveat, which transfers the proceeding to the civil issue docket for trial by a jury after notice to all interested persons, and if decedent has executed other writings which parties interested wish to probate, such writings must be presented in the caveat proceeding in order that the court in one proceeding may adjudicate if there is a valid will and, if so, which or what parts of the written instruments is the will.

**4. Same—**

Upon the filing of a caveat the Superior Court acquires jurisdiction of the whole matter in controversy.

**5. Same—   Until judgment is entered establishing paper writing as will, parties interested under another writing may offer it in caveat.**

Caveators presented, solely for the purpose of attacking the writing caveated, another writing probated in common form, executed by the same person. The Superior Court refused to permit a third writing to be presented in the caveat proceeding. The jury found that the writing first probated was not the last will and testament, and on a separate issue found that the second writing was the will, but the judgment of the court adjudged only that the writing first probated be annulled and set aside. *Held:* The judgment is *res judicata* only that the first probated writing was not valid as a will and does not preclude, in view of the theory of trial in the lower court, the parties interested under the third writing from offering that instrument upon their caveat to the second paper writing within three years from the date the second writing was probated in common form.

Appeal by First Union National Bank, Guardian of Terry Douglas Charles, from *McConnell, J.,* March 23, 1964 Session, Forsyth Superior Court.

Two proceedings originated before the Clerk of Superior Court of Forsyth County as Probate Judge. Each involved a different paper writing purporting to be the last will of Faith N. Charles, a resident of Forsyth County who was killed in an automobile accident on November 20, 1962. On December 5, 1962, Ralph Underwood, Executor, presented to the Judge of Probate a script dated January 7, 1959, which purported to be the will of Faith N. Charles. On December 27, 1962, after examination of the subscribing witnesses and the taking of other testimony, the writing was adjudged to be the last will of the maker

and was admitted to probate in common form. The will was marked Exhibit No. 3662 and the probate proceeding was assigned No. E-4986. The foregoing is disclosed by the record in case No. 400.

On January 2, 1963, the public administrator filed with the Judge of Probate a paper writing dated 11-15-62, purporting to be the will of Faith N. Charles. The script was marked Exhibit No. 3966 and the probate proceeding was assigned No. E-5215. Further action in this proceeding was deferred until September 25, 1963, at which time the script was adjudged probated in common form. This proceeding will be discussed later. The foregoing is disclosed by the record in No. 401.

On May 24, 1963, attorneys for Elizabeth T. Long, beneficiary in Exhibit No. 3966, filed a *caveat* to Exhibit 3662 and attached to the *caveat* a copy of Exhibit 3966, and alleged the latter revoked the former. The *caveator* did not request that Exhibit No. 3966 be admitted to probate as the will but that it be used in the proceeding as evidence that Exhibit 3662 had been revoked. The *caveator* executed the required bond and gave the names and addresses of interested persons to whom citations should be issued. The proceeding was transferred to the civil issue docket for jury trial.

In response to the citation the First Union National Bank, as guardian of Terry Douglas Charles, filed a petition in the *caveat* proceeding requesting permission to intervene, alleging that on October 1, 1962, Faith N. Charles executed a valid will giving all her property to the appellant's ward. The petition alleged that Exhibit 3966 was not in the handwriting of Faith N. Charles and was not her will. The petitioner prayed that it be permitted to prove and probate the script dated October 1, 1962, as the will of the testatrix and that it be permitted to show the invalidity of Exhibit 3966.

Judge Johnston, in term, entered an order upon the *caveator's* motion, the material part of which is here quoted:

> "IT IS, THEREFORE, ORDERED AND ADJUDGED that the Petitioner's Petition to consolidate with the above titled *caveat*, the proceedings for the probate in solemn form of the purported holographic will of Faith N. Charles dated October 1, 1962, is DENIED."

The record fails to disclose the appellant made any objection or took any exception to the order denying its petition.

The *caveat* proceeding came on for trial in the Superior Court on September 23, 1963. The propounders of the attested script dated January 7, 1959, neither appeared nor participated in the trial. Only the

*caveator* appeared in the proceedings. The jury answered these material issues as indicated:

"4.  Is the paper writing dated November 15, 1962, the Last Will and Testament of Faith Norene Charles?

Answer:  YES.

"6.  Is the paperwriting dated January 7, 1959, the Last Will and Testament or any part of the Last Will and Testament of Faith Norene Charles?

Answer:  NO."

The court disposed of the jury verdict in the following part of the judgment:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"That the paperwriting dated January 7, 1959, is not the Last Will and Testament, nor is it any part of the Last Will and Testament of Faith N. Charles and that the probate of said paperwriting is hereby annulled and set aside."

The appellant did not except to the judgment. Two days after the conclusion of the jury trial the Forsyth County Judge of Probate conducted an examination of witnesses and on the basis of that examination ordered Exhibit No. 3966 probated in common form.

On March 23, 1964, the appellant filed a motion to set aside the verdict and judgment in the *caveat* proceeding. The reasons assigned are:

"2.  The verdict of the jury and the judgment in the above-entitled *caveat* proceeding are void or erroneous in that the purported will of Faith N. Charles dated October 1, 1962, was excluded from consideration, the jury and court considering, over the objections of this movant, only two of three purported wills of Faith N. Charles, that is, one dated January 7, 1959, the one being *caveated,* and one dated November 15, 1962. The exclusion from consideration of the purported will of Faith N. Charles dated October 1, 1962, over the objection of this movant was contrary to law and rendered the jury's verdict and the court's judgment in the above-entitled *caveat* proceeding void or erroneous."

The *caveator* objected to the motion and moved for judgment on the pleadings upon the ground the matters involved in the trial are *res*

*judicata.* From the order granting the motion and dismissing the action, the guardian appealed.

*Ralph E. Goodale, Hinton G. Hudson, Jr., for appellant, First Union National Bank, Guardian of Terry Douglas Charles.*
*Elledge and Mast by David P. Mast, Jr., for appellee Elizabeth T. Long.*

HIGGINS, J.   The attorneys and judges in two separate proceedings have attempted to determine which of three scripts, or what combination of them, is the last will of Faith N. Charles. The Clerk of Superior Court as *ex officio* Judge of Probate has jurisdiction to take proof of wills and issue letters testamentary or of administration thereon. As Judge of Probate he has the sole power in the first instance to determine whether a decedent died testate or intestate and whether a script offered for probate is his will. *Walters v. Children's Home,* 251 N.C. 369, 111 S.E. 2d 707; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; *Hutson v. Sawyer,* 104 N.C. 1, 10 S.E. 85.

When a paper writing purporting to be a will is presented to the Judge of Probate he takes proof with respect to its execution. If found in order, the script is admitted to probate in common form as a will. Thus far the proceeding is *ex parte.* It stands as the testator's will, and his only will, until challenged and reversed in a proper proceeding before a competent tribunal. The challenge must be by *caveat* and be heard in the Superior Court. *In Re Will of Ellis,* 235 N.C. 27, 69 S.E. 2d 25; *Wells v. Odum,* 205 N.C. 110, 170 S.E. 145. The attack must be direct and by *caveat.* A collateral attack is not permitted. *In Re Will of Cooper,* 196 N.C. 418, 145 S.E. 782. Offering another will for probate in another proceeding is a collateral and not a direct attack. *In Re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488. Any interested person may challenge the will and contest its validity by filing a *caveat* setting forth the grounds of the challenge. Upon the filing of the *caveat* the proceeding is transferred to the civil issue docket for trial before a jury. Upon this transfer, notice is given to all interested persons of the challenge, giving them an opportunity to enter and participate in the proceedings to the end that the court may determine whether the decedent left a will and, if so, whether any of the scripts before the court is the will. The "proceeding is *in rem,* in which the court pronounces its judgment as to whether . . . the *res, i. e.,* the script itself, is the will of the deceased. *In Re Hinton,* 180 N.C. 206, 104 S.E. 341." *Brissie v. Craig, supra.* The will is the *res.* The last will may consist of one or more written instruments. In a *caveat* proceeding any interested per-

son may present to the court any script which is material to the issue whether there is a will, and if so, what is it? *In Re Will of Marks*, 259 N.C. 326, 130 S.E. 2d 673; *In Re Will of Covington*, 252 N.C. 546, 114 S.E. 2d 257; *In Re Will of Hine*, 228 N.C. 405, 45 S.E. 2d 526.

When a *caveat* is filed the Superior Court acquires jurisdiction of the whole matter in controversy. *Morris v. Morris*, 245 N.C. 30, 95 S.E. 2d 110; *In Re Will of Wood*, 240 N.C. 134, 81 S.E. 2d 127; *In Re Will of Morrow*, 234 N.C. 365, 67 S.E. 2d 279; *In Re Will of Brock*, 229 N.C. 482, 50 S.E. 2d 555; *Wright v. Ball*, 200 N.C. 620, 158 S.E. 192; *Faison v. Williams*, 121 N.C. 152, 28 S.E. 188. Any other script purporting to be the decedent's will should be offered and its validity determined in the *caveat* proceeding. *In Re Will of Belvin*, 261 N.C. 275, 134 S.E. 2d 225; *In Re Will of Puett*, 229 N.C. 8, 47 S.E. 2d 488.

In the light of the foregoing rules and authorities, the conclusion follows that the court committed error in refusing the appellant's petition to intervene in the *caveat* proceeding and to assert that Faith N. Charles on October 1, 1962, executed a valid will leaving all her property to Terry Douglas Charles; and further, that the script dated November 15, 1962, and made a part of the original *caveat*, was not a valid will for the reasons assigned in the petition. *In Re Will of Belvin*, *supra*. The court should have allowed the petition and permitted the appellant to present to the jury the script dated October 1, 1962, together with evidence relating to its validity as a will; and likewise should have permitted it to offer evidence relating to the invalidity of the script dated November 15, 1962. *In Re Will of Marks*, *supra*. However, the appellant did not except to the denial of its petition and did not appear further in the *caveat* proceedings. It did not attempt to offer evidence nor to except to the judgment.

Although the verdict and judgment were entered in term on September 23, 1963, without objection or exception, or notice of appeal, the present guardian of Terry Douglas Charles, appellant herein, filed a motion on March 23, 1964, to set aside the verdict and judgment "as void or erroneous because the court excluded from consideration *over the objection of the movant*, of the will dated October 1, 1962." We must say the record fails to show such objection or exception. If exception had been taken and preserved, an assignment of error based thereon would be good.

At the April Session, 1964, on *caveator's* motion, Judge McConnell entered judgment on the pleadings, sustaining propounder's plea of *res judicata* by reason of the judgment and verdict and held that they constituted a valid defense to the appellant's motion. The appellant took timely exception to that order.

Judge McConnell committed error in holding the judgment entered by Johnston, J., is *res judicata* with respect to establishing the validity of the script dated 11-15-62 as the last will of Faith N. Charles. It is true the jury so found, but the court did not so adjudge. The court only adjudged that the paper writing dated January 7, 1959, was not her will. Beneficiaries under that script did not appeal. The judgment is *res judicata* as to them and eliminates Exhibit No. 3662. Exhibit No. 3966 was adjudged to be the will in the probate court order of September 25, 1963. It then became subject to *caveat.*

The procedures followed in the probate court and in the Superior Court upon *caveator's* motions induced the appellant to believe that Exhibit 3966 was not offered for probate in the *caveat* proceeding but was offered solely for the purpose of showing the revocation of the script dated January 7, 1959. Appellant, at the time its petition to intervene was denied, had been led to believe that its remedy was to challenge Exhibit 3966 at the time of, or after its probate in common form then pending in the probate court in which the script had been filed since January 2, 1963.

The probate in common form order was entered on September 25, 1963. The appellant has three years in which to file a *caveat.* This long discussion is designed to disclose sound legal reason why the appellee may not now go back before the Superior Court and move for and obtain a judgment that the script dated November 15, 1962, was probated in solemn form by reason of the jury's finding on Issue No. 4.

The judgment sustaining the plea of *res judicata* or that the appellant has lost its right to proceed as indicated is

Reversed.