In re Will of Jones

IN THE MATTER OF THE WILL OF MARIA KERR JONES

No. 824SC606

(Filed 17 May 1983)

**Wills § 9.4— probate of will—later attempted probate of codicil as collateral attack**

   Where the last will of the testatrix dated 14 December 1967 with a codicil dated 18 February 1980 had been probated in common form, petitioners' attempt in May 1981 to have a paper writing dated 13 October 1977 admitted to probate in solemn form as a second codicil constituted an impermissible collateral attack on the validity of the probated will.

APPEAL by petitioners from *Bruce, Judge*. Judgment entered 25 February 1982 in Superior Court, SAMPSON County. Heard in the Court of Appeals 20 April 1983.

This is a civil action wherein the petitioners sought to have admitted to probate in "solemn form" a paper writing purporting to be a holographic "codicil to the Last Will and Testament of Maria Kerr Jones, deceased," allegedly probated in common form on 2 November 1978.

The record before us discloses the following uncontroverted facts: (1) Maria Kerr Jones died in Sampson County on 30 October 1978; (2) A paper writing purporting to be her Last Will and Testament, executed on 14 December 1967 with an attached codicil dated 18 February 1970, was admitted to probate in common form by the Clerk of Superior Court in Sampson County on 2 November 1978; (3) The petitioners filed a petition on 21 May 1981 in the office of the Clerk of Superior Court, Sampson County seeking to have a holographic "second codicil" allegedly dated 13

October 1977 admitted to probate in solemn form; (4) On 24 February 1982 the respondent filed a motion for summary judgment and on 25 February 1982 the petitioners filed a counter-motion for summary judgment; (5) On 25 February 1982 Judge Bruce entered an order denying petitioners' motion for summary judgment, allowing the respondent's motion for summary judgment and dismissing the petition with prejudice. Petitioners appealed.

*Joseph B. Chambliss for the petitioners, appellants.*

*Rose, Rand, Ray, Winfrey & Gregory, by Ronald E. Winfrey for the respondent, appellee.*

HEDRICK, Judge.

In *In Re Will of Puett*, 229 N.C. 8, 13, 47 S.E. 2d 488, 492-493 (1948) (citation omitted), our Supreme Court held:

[W]here a will has been duly probated, the record affords conclusive evidence of its validity, until vacated by appeal, or declared void by a court of competent jurisdiction in a proceeding instituted for that purpose, and that the offer of proof of a will alleged to have been subsequently executed, without more, is not a direct but a collateral attack on the validity of the will. It is only by a caveat or proceeding in that nature that the validity of a properly probated will, and one without 'inherent or fatal defect appearing on its face' . . . may be brought in question.

*See also In Re Will of Charles*, 263 N.C. 411, 139 S.E. 2d 588 (1965). In the present case, the trial court correctly allowed the respondent's motion for summary judgment and dismissed the petition with prejudice. The petition discloses on its face an insurmountable bar to the relief sought.

The record discloses that the Last Will and Testament of Maria Kerr Jones, dated 14 December 1967 with a codicil attached and dated 18 February 1970, has been probated in common form. The petition in the present case asking that a paper writing dated 13 October 1977 be probated in solemn form as a second codicil, does not constitute a caveat proceeding to the will of

Maria Kerr Jones, dated 14 December 1967 and already probated in common form.

Affirmed.

Chief Judge VAUGHN and Judge ARNOLD concur.