THOMAS E. BRICKHOUSE, Plaintiff v. MARGIE H. BRICKHOUSE, Defendant

No. 901SC1195

(Filed 3 September 1991)

**1. Wills § 9.3 (NCI3d)— action to quiet title—not a caveat**

The trial court had jurisdiction over an action to quiet title arising from a will where plaintiff was not attacking the validity of the will, which would require a caveat, but asking the court to construe the will to determine who could take under the will. A civil action for construction of a will may be brought under the Declaratory Judgment Act. Moreover, the clerk probated a certified copy of the Virginia probate proceeding, and a trial judge may allow an action to determine whether there are any supernumerary witnesses who were not a part of the foreign probate findings of fact.

**Am Jur 2d, Declaratory Judgments §§ 138, 178.**

**2. Wills § 3.1 (NCI3d)— disinterested witnesses—judgment on the pleadings—improper**

The trial court erred by granting plaintiff's motion for judgment on the pleadings in an action to quiet title arising from a will where there was a factual issue as to whether Lucy B. Carr qualified as an attesting witness to the will. N.C.G.S. § 31-10(a); N.C.G.S. § 31-3.3.

**Am Jur 2d, Wills § 289.**

APPEAL by defendant from a judgment signed 9 October 1990 by *Judge G. K. Butterfield* in CAMDEN County Superior Court. Heard in the Court of Appeals 4 June 1991.

*John W. Halstead, Jr. for plaintiff-appellee.*

*Twiford, O'Neal & Vincent, by Russell E. Twiford and Branch W. Vincent, III, for defendant-appellant.*

LEWIS, Judge.

The two issues in this case are: 1) whether the trial court erred in finding that it had subject matter jurisdiction over this action and 2) whether the trial court erred in granting the plaintiff's motion for judgment on the pleadings.

BRICKHOUSE v. BRICKHOUSE

[104 N.C. App. 69 (1991)]

Thomas E. Brickhouse, Sr. died on 18 August 1989 in Norfolk, Virginia. He was a resident of Suffolk, Virginia. He was survived by his wife, Margie Brickhouse, who is the defendant in this case, and his son, Thomas E. Brickhouse, Jr., who is the plaintiff in this case. The decedent left a self-proving will dated 21 July 1989. The will provided in pertinent part:

> I give and devise my Texaco Service Station located in South Mills, North Carolina, to include the real estate and any personal property which I have at my death used in connection with the service station to my wife, Margie H. Brickhouse, for the term of her life, or until she remarries. At the death of the said Margie H. Brickhouse, or at the time she remarries, the said real property and any remaining personal property used in connection with the service station is to pass to Thomas E. Brickhouse, Jr.
>
> . . .
>
> All the rest, residue and remainder of my property, real and personal, tangible and intangible, wheresoever situate and howsoever held, herein referred to as my Residuary Estate, I give, devise and bequeath to my wife, Margie H. Brickhouse, if she survives me, to the express exclusion of any child of mine now living or hereafter born, but if my wife predeceases me, then I give, devise and bequeath my Residuary Estate to Thomas E. Brickhouse, Jr. Should both Margie H. Brickhouse and Thomas E. Brickhouse, Jr. predecease me, then I devise and bequeath my Residuary Estate to the children of Thomas E. Brickhouse, Jr., share and share alike.

The will was executed by the testator by his mark. Margie Brickhouse and G. Blair Harry were the named witnesses to the will and also signed the affidavits at the end of the will (the self-proving portion of the will). Lucy B. Carr witnessed the testator's mark in his execution of the will and in his signing of the self-proving portion of the will. Lucy B. Carr also notarized the self-proving portion of the will.

The will was probated in the Clerk's Office of the Circuit Court of the City of Suffolk, Virginia, on 28 August 1989. The Certificate of Probate from the State of Virginia stated that the will was "duly and fully proved by the affidavits of G. Blair Harry and Margie Brickhouse, the attesting witnesses. . . ."

## BRICKHOUSE v. BRICKHOUSE

[104 N.C. App. 69 (1991)]

It appears from the record that on 12 September 1989, a copy of the self-proving will of Thomas Edward Brickhouse, Sr. along with a copy of the Virginia probate was filed with the Clerk of the Superior Court of Camden County, North Carolina. On 12 September 1989, the Clerk of Camden County issued a certificate of probate stating:

> A paper-writing dated as indicated above, purporting to be the Last Will and Testament or codicil thereto of the above named deceased has been exhibited before me. Sufficient proof of the due execution thereof has been taken as set forth in the accompanying affidavits which are incorporated and made a part hereof;

> It is Adjudged that the paper-writing and every part thereof is the Last Will and Testament or codicil thereto of the deceased, and the same is ordered admitted to probate.

On 1 November 1989, the plaintiff brought a civil action in Camden County Superior Court to remove cloud upon title. On 31 August 1990, two affidavits entitled "affidavits of Subscribing Witnesses for Probate of Will" were filed with the Clerk of Superior Court of Camden County. The affiants, Lucy B. Carr and G. Blair Harry, swore that they attested to the will of Thomas Edward Brickhouse as required by N.C.G.S. § 31-3.3. There is no indication that these affidavits were part of the original probate which had already occurred. Also, there was no indication in the trial judge's final judgment in this case that he considered the affidavits.

On 16 October 1990, a judgment was filed in Camden County Superior Court whereby Judge G. K. Butterfield, treating the plaintiff's civil action as a declaratory judgment action, allowed the plaintiff's motion for judgment on the pleadings pursuant to N.C.G.S. § 1A-1, Rule 12(c) and denied the defendant's motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b). The defendant appeals.

### Jurisdiction

[1] The defendant contends that the trial court lacked jurisdiction over the civil action filed by the plaintiff. The defendant argues that the plaintiff's action is a collateral attack upon the last will and testament of Thomas E. Brickhouse, Sr. and that the plaintiff is required to file a caveat proceeding in order to properly have the issues resolved. We disagree.

A caveat "is a proceeding in rem having as its only purpose the function of ascertaining whether the paperwriting purported to be a will is in fact the last will and testament of the person for whom it is propounded." *In re Morrow's Will*, 234 N.C. 365, 368, 67 S.E.2d 279, 281 (1951). The attack on a will which has been offered for probate must be direct and by caveat. "A collateral attack is not permitted." *In re Will of Charles*, 263 N.C. 411, 415, 139 S.E.2d 588, 591 (1965) (citation omitted).

Here, however, the plaintiff was not attacking the validity of the will but was asking the court to construe the will to determine who could take under the will. An attack on the validity of a will most commonly deals with issues involving undue influence and testamentary capacity. Here, the court need only decide who could take under the will which had already been probated. A civil action for construction of a will may be brought under the Declaratory Judgment Act, N.C.G.S. § 1-253 *et seq.; see Brown v. Byrd*, 252 N.C. 454, 113 S.E.2d 804 (1960). Whether or not Mrs. Brickhouse is allowed to take under the will pursuant to N.C.G.S. § 31-10, the will is still valid unless it is attacked by caveat.

We also note that the Clerk of Camden County probated a certified copy of the Virginia probate proceeding of Thomas E. Brickhouse's will, as required by N.C.G.S. § 31-27(b). According to the statute, the clerk may probate the certified copy from Virginia as though it were the original will of the testator. N.C.G.S. § 31-27. There is no indication in the statute that the findings in the foreign probate proceeding are any more binding than the findings of a probate proceeding in North Carolina. Therefore, a trial judge may allow an action to determine whether there are any supernumerary witnesses that were not a part of the foreign probate findings of fact. This action would not be contrary to any findings made in the probate, but would only involve additional findings for the proper construction of the will. Thus, we hold that the trial court had jurisdiction over the plaintiff's action.

## Attesting Witnesses

[2] The plaintiff alleged in his complaint that there were not two disinterested witnesses to the will. The defendant denied that allegation. The trial judge granted the plaintiff's motion for judgment on the pleadings. A motion for judgment on the pleadings should not be granted unless "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to

judgment as a matter of law." *American Bank & Trust Co. v. Elzey*, 26 N.C. App. 29, 32, 214 S.E.2d 800, 802, *cert. denied*, 288 N.C. 252, 217 S.E.2d 662 (1975) (citation omitted).

N.C.G.S. § 31-10(a) provides:

A witness to an attested written or a nuncupative will, to whom or to whose spouse a beneficial interest in property, or a power of appointment with respect thereto, is given by the will, is nevertheless a competent witness to the will and is competent to prove the execution or validity thereof. However, if there are not at least two other witnesses to the will who are disinterested, the interested witness and his spouse and anyone claiming under him shall take nothing under the will, and so far only as their interests are concerned the will is void.

Therefore, one of the issues before the trial judge was whether Lucy B. Carr, who had no interest in the testator's estate, could qualify as a witness.

N.C.G.S. § 31-3.3 states:

(a) An attested written will is a written will signed by the testator and attested by at least two competent witnesses as provided by this section.

(b) The testator must, with intent to sign the will, do so by signing the will himself or by having someone else in the testator's presence and at his direction sign the testator's name thereon.

(c) The testator must signify to the attesting witnesses that the instrument is his instrument by signing it in their presence or by acknowledging to them his signature previously affixed thereto, either of which may be done before the attesting witnesses separately.

(d) The attesting witnesses must sign the will in the presence of the testator but need not sign in the presence of each other.

Whether the testator impliedly requested the witnesses attest the will is ordinarily a factual question for the jury. *In re Kelly's Will*, 206 N.C. 551, 553, 174 S.E. 453, 455 (1934). Evidence that the testator made his mark in the presence of the witnesses is sufficient to imply that the testator requested the witnesses attest the testator's signature. *In re Will of King*, 80 N.C. App. 471,

476, 342 S.E.2d 394, 397, *review denied*, 317 N.C. 704, 347 S.E.2d 43 (1986).

We hold that it was error for the trial court to grant the plaintiff judgment on the pleadings, as there remained the factual issue of whether Lucy B. Carr qualified as an attesting witness. Ms. Carr's failure to sign in the same place as the other two witnesses does not prevent her from being an attesting witness. *In re Will of Williams*, 234 N.C. 228, 235, 66 S.E.2d 902, 907 (1951) (when signature is essential to the validity of the will, it is not necessary that signature appear at the end of the will unless the statute uses the word "subscribe"). Also, Ms. Carr's failure to sign below and subscribe to the attestation clause does not prevent her from being an attesting witness, as § 31-3.3 does not require an attestation clause. N. Wiggins, Wills and Administration of Estates in North Carolina § 85 (2nd ed. 1983). Furthermore, Ms. Carr's signing as notary does not prevent her from also signing as a witness.

In his judgment, the judge indicated that he granted judgment on the pleadings and did not mention Lucy B. Carr's affidavit in his findings. We remand the case to have the trial court consider the issue of whether Lucy B. Carr qualified as an attesting witness under N.C.G.S. § 31-3.3. On remand, the trial court may consider the affidavit that was filed with the record of this case and should determine whether it should be admitted into evidence. We also note that N.C.G.S. § 1-261 allows for a jury trial, in the event the court finds that factual issues are in dispute.

Affirmed as to jurisdiction.

Reversed and remanded.

Judges EAGLES and GREENE concur.