**ROGEL v. JOHNSON**

[114 N.C. App. 239 (1994)]

---

NADINE LANYON SMITH ROGEL, Individually and as Executrix of the Estate of WILLIAM SMITH LANYON LAMPARTER, Plaintiffs v. WILLIAM BRUCE JOHNSON; DUKE UNIVERSITY; ARTHUR JOSEPH Van SUETENDAEL IV; KATHRYN ANN WHITNEY (KAY A. WHITNEY); JERRY S. WHITNEY; RUTGERS PREPARATORY SCHOOL; MICHAEL SHAWN KOCH; REBECCA W. HENDERSON and husband, TERRY ALAN HENDERSON; FRANCES TUCKER DAVENPORT; RICHARD F. LANYON; DAVID WILLIAM DUNSTER JONES, a minor; MARY CAROLINA Van SUETENDAEL; STUART LANYON ROGEL (formerly STUART STRUNK); HICKORY MUSEUM OF ART, INC.; BOBBY JOE BARGER; RICHARD DAVID BERRY, JR.; THOMAS CECIL LAUGHON, JR.; JOHN WILTON LANNING, JR.; JEFFREY DAVID ELSTON; JEFFREY DAVID NORRIS; STEVEN DAVENPORT; HARRY THEODORE SHERWOOD SMITH II; JOHN GEORGE LAMPARTER; JOAN LAMPARTER DOWNS; and FREDERIC OSCAR LAMPARTER, Defendants

No. 9325SC513

(Filed 5 April 1994)

**Wills § 13.1 (NCI3d)— will—caveat—declaratory judgment action**

The superior court did not have jurisdiction, and its judgment was vacated, where the executrix of an estate filed this declaratory judgment action seeking a determination of whether decedent died testate and, if so, the terms of his will, attaching to the complaint a document entitled "Will" which had been

offered for probate, a handwritten document entitled "Codicil to my Will," and another handwritten document which purported to be a will. No caveats had been filed. The only way to attack a will is by caveat; collateral attacks are not permitted. While it is clear that questions as to the construction of a will may be brought in a declaratory judgment action, and although use of a declaratory judgment action would expedite the determination of which documents constitute the valid will, plaintiff here sought more than the construction of a will in that the third document, if given effect, would revoke the validly probated will.

**Am Jur 2d, Wills § 850.**

**Right of executor or administrator to contest will or codicil of his decedent. 31 ALR2d 756.**

Appeal by defendants from judgment and order entered 15 and 16 February 1993 respectively by Judge Lacy H. Thornburg in Catawba County Superior Court. Heard in the Court of Appeals 1 March 1994.

*Hunter, Wharton, Stroupe & Lynch, by John V. Hunter III, for defendants Bobby Joe Barger, Richard David Berry, Jr., Frances Tucker Davenport, Steven Davenport, Terry Alan Henderson, Michael Shawn Koch, John Wilton Lanning, Jr., Thomas Cecil Laughon, Jr., and Stuart Lanyon Rogel (formerly Stuart Strunk).*

*Maxwell, Freeman & Beason, P.A., by James B. Maxwell, for defendants Duke University and Rutgers Preparatory School.*

*Gaither, Gorham & Crone, by J. Samuel Gorham, III, for defendant David William Dunster Jones.*

LEWIS, Judge.

On 15 September 1992, plaintiff, the executrix of the estate of William Smith Lanyon Lamparter, filed this declaratory judgment action seeking a determination of whether the decedent died testate, and, if so, what the terms of his will were. Plaintiff attached three documents to the complaint: (1) Exhibit A, a typewritten, signed and witnessed document entitled "Will"; (2) Exhibit B, a handwritten document entitled "Codicil to My Will"; and (3) Exhibit

ROGEL v. JOHNSON

[114 N.C. App. 239 (1994)]

C, a handwritten document beginning, "In the Name of God! Amen!" Plaintiff had offered the first document, Exhibit A, for probate in common form, which was completed in April 1992. No caveats to that will have been filed.

In its 15 February 1993 declaratory judgment, the trial court determined that the first two documents were valid and effective as the last will of the decedent as amended by the codicil, and that the last document had no testamentary effect. On the same day the court entered its judgment, defendants Barger, Berry, Davenport, Davenport, Henderson, Koch, Lanning, Laughon, and Rogel (hereinafter "Barger *et al*") filed a motion to dismiss the complaint for lack of subject matter jurisdiction. The court denied the motion. The various defendants now appeal from the court's judgment and from its order denying the motion to dismiss.

The only issue to be addressed in this appeal is whether the superior court had subject matter jurisdiction to determine whether certain unprobated documents, Exhibits B and C, had testamentary effect. Defendants Barger *et al* contend the superior court did not have jurisdiction to hear plaintiff's declaratory judgment action, because a civil action may not be used to determine whether a paper writing is a will. According to Barger *et al*, such questions may only be addressed in a caveat proceeding, and a declaratory judgment action may not be used to circumvent the caveat requirements. We agree.

The question of whether a paper writing is a will must be addressed to the clerk of superior court, who has the exclusive and original jurisdiction over proceedings for the probate of wills. *Brissie v. Craig*, 232 N.C. 701, 62 S.E.2d 330 (1950); *Anderson v. Atkinson*, 234 N.C. 271, 66 S.E.2d 886 (1951). After a will has been offered for probate, interested persons have three years to enter a caveat to the probate of the will. N.C.G.S. § 31-32 (1984). The only way to attack a will is by caveat; collateral attacks to the validity of a will are not permitted. *Brickhouse v. Brickhouse*, 104 N.C. App. 69, 407 S.E.2d 607 (1991). Offering another will for probate in another proceeding is considered a collateral, and therefore impermissible, attack. *In re Charles*, 263 N.C. 411, 139 S.E.2d 588 (1965); *In re Hester*, 320 N.C. 738, 360 S.E.2d 801 (1987).

Once a caveat is entered, the superior court acquires jurisdiction of the matter and holds a caveat proceeding. *Charles*, 263 N.C. at 416, 139 S.E.2d at 591. Caveat proceedings are unique;

they are in rem and are heard before a jury. *Id.* at 415, 139 S.E.2d at 591. The clerk must give notice to all interested parties, who then have the opportunity to participate. *Id.*; N.C.G.S. § 31-33 (1984). At such proceedings any interested person may present to the court any script which is material to the determination of whether there is a will and what its terms may be. *Charles*, 263 N.C. at 415-16, 139 S.E.2d at 591. "Any other script purporting to be the decedent's will should be offered and its validity determined in the caveat proceeding." *Id.* at 416, 139 S.E.2d at 592.

Defendants Duke University (hereinafter "Duke") and Rutgers Preparatory School (hereinafter "Rutgers") contend, however, that a declaratory judgment action is an appropriate forum for the resolution of the issues involved in this case. According to the Declaratory Judgment Act,

> Any person interested under a deed, will, written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder.

N.C.G.S. § 1-254 (1983). Duke and Rutgers argue that, in the case at hand, plaintiff was merely seeking guidance as to the construction of a will, Exhibit A, which already had been probated. *See Taylor v. Taylor*, 301 N.C. 357, 271 S.E.2d 506 (1980). Duke and Rutgers point out that plaintiff was in a position to distribute the estate, because the six-month period for the filing of claims against the estate had expired and no caveat had been filed. However, she hesitated to do so in light of the questions surrounding the disputed documents. Thus, instead of distributing the estate at a time when caveats might still be filed, plaintiff attempted to expedite the process by filing the present declaratory judgment action.

Although plaintiff's use of a declaratory judgment action would certainly expedite the determination of which documents constitute the valid will, we cannot legislate that procedure. It is clear, as Duke and Rutgers contend, that questions as to the construction of a will may be brought in a declaratory judgment action. *Brickhouse*, 104 N.C. App. at 72, 407 S.E.2d at 609. However, it is also clear that there are limitations to the use of a declaratory judgment action. According to *Farthing v. Farthing*, 235 N.C. 634, 70 S.E.2d 664 (1952),

The Declaratory Judgment Act . . . is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts and other written instruments and declaring the rights and liabilities of parties thereunder. It is not a vehicle for the nullification of such instruments. Nor is it a substitute or alternate method of contesting the validity of wills.

*Id.* at 635, 70 S.E.2d at 665.

In the case at hand, plaintiff sought more from the court than ·the construction of a will validly probated. In her complaint, plaintiff requested the court to determine whether there was a will and to ascertain the validity of two documents with potential testamentary effect. The third document, Exhibit C, purported to be a will which, if given effect, would revoke the validly-probated will, Exhibit A. As mandated by *Charles* ˙and *Farthing*, other documents purporting to be the valid will should be offered and their validity determined in a caveat proceeding.

We conclude that the superior court did not have subject matter jurisdiction over the issues involved in this case, and therefore vacate its judgment.

Vacated.

Chief Judge ARNOLD and Judge COZORT concur.