FREDERIC W. RIPLEY, III, PAMELA BERBUE, AND DIANE R. OLSON, PLAINTIFFS V. SUZANNE E. DAY AND WACHOVIA BANK, N.A., (F/K/A WACHOVIA BANK AND TRUST COMPANY, N.A.), EXECUTOR OF THE ESTATE OF ELLISON G. DAY AND TRUSTEE OF THE TRUST, UNDER AGREEMENT WITH ELLISON G. DAY DATED FEBRUARY 1, 1990, DEFENDANTS

No. COA99-866-2

(Filed 29 December 2000)

**1. Declaratory Judgments— right to dissent from will—subject matter jurisdiction**

In an opinion superceding the previous opinion of the Court of Appeals, the trial court was held to have correctly granted summary judgment in favor of defendant Day in a declaratory judgment action contesting Day's right to dissent from her husband's will. Although plaintiffs contend that they have standing to contest Day's right to dissent in a declaratory judgment action through reading N.C.G.S. § 30-1 in pari materia with certain provisions of the Declaratory Judgment Act, including N.C.G.S. § 1-254, an action contesting a surviving spouse's right of dissent entails something entirely different from the construction of a will and the two statutes must be construed separately. Because plaintiff's complaint contested the right to dissent based upon valuations, which has nothing to do with the will instrument, the provisions of N.C.G.S. § 1-254 do not confer subject matter jurisdiction.

**2. Wills— right to dissent—declaratory judgment—subject matter jurisdiction**

The trial court did not err by granting summary judgment for defendant Day in a declaratory judgment action contesting her right to dissent from her husband's will. Although plaintiffs contend that Day's attorney had agreed in conversations and correspondence that plaintiffs had standing to bring a declaratory

judgment action, the issue involved subject matter jurisdiction rather than standing, and it was not defendant's position to advise plaintiffs on their options for contesting her right to dissent.

Appeal by plaintiffs from order entered 19 April 1999 by Judge Wiley F. Bowen in Chatham County Superior Court. Originally heard in the Court of Appeals 19 April 2000.

*Bryant, Patterson, Covington & Idol, P.A., by David O. Lewis, for the plaintiff-appellants.*

*Newsom, Graham, Hedrick & Kennon, P.A., by Josiah S. Murray III and J. Alan Campbell, for the defendant-appellee.*

LEWIS, Judge.

In an opinion filed 15 August 2000, this Court concluded the trial court lacked subject matter jurisdiction over the plaintiffs' declaratory judgment action contesting defendant Suzanne E. Day's right to dissent from her deceased husband's will. We affirmed the trial court's 19 April 1999 order granting summary judgment in favor of defendant Day. Plaintiffs filed a petition for rehearing pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure 19 September 2000, which we granted, 26 September 2000.

Plaintiffs instituted a declaratory judgment action to determine whether defendant Suzanne E. Day is entitled to dissent from her deceased husband's will. Plaintiffs are the nieces and nephew of the decedent. The trial court granted summary judgment in favor of defendants Day and Wachovia; however, plaintiffs filed notice of appeal only with respect to defendant Day. As such, we address the issues on appeal only as they relate to defendant Day.

[1] Plaintiffs first argue they have standing to contest Day's right of dissent in this action, and as such, the trial court should not have granted summary judgment in favor of defendant Day. Plaintiffs contend that when N.C. Gen. Stat. § 30-1 is read *in pari materia* with certain provisions of the Declaratory Judgment Act, including N.C. Gen. Stat. § 1-254, they have standing to contest Day's right of dissent by means of a declaratory judgment action. Although we disagree, the problem relates not to a lack of standing, but to a lack of subject matter jurisdiction.

G.S. 30-1 sets forth the requirements for establishing a surviving spouse's right of dissent. The valuations relevant to determining

whether a right of dissent exists, including the estate of the deceased spouse and the property passing outside of the will to the surviving spouse, may be established by agreement of the executor and surviving spouse and upon approval of the clerk of superior court. N.C. Gen. Stat. § 30-1(c) (1999). G.S. 1-254, which governs the courts' authority to construe instruments, provides that "[a]ny person interested under a . . . will . . . may have determined any question of construction or validity *arising under the instrument* . . . and obtain a declaration of rights, status or any other legal relations thereunder." (Emphasis added).

It is well-settled that "[s]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *Bd. of Adjmt. of the Town of Swansboro v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993). We conclude the two statutes cited by plaintiffs do not deal with the same subject matter. It is clear that G.S. 30-1(c) specifically governs the determination of a surviving spouse's right of dissent, including both valuation and the ultimate determination of whether a right of dissent is established as a result of the relevant valuations. G.S. 1-254, however, allows questions as to the construction of a *will* to be brought in a declaratory judgment action. *Rogel v. Johnson*, 114 N.C. App. 239, 242, 441 S.E.2d 558, 560 (1994). "The Declaratory Judgment Act . . . is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts, and other written instruments and declaring the rights and liabilities of parties thereunder." *Farthing v. Farthing*, 235 N.C. 634, 635, 70 S.E.2d 664, 665 (1952).

An action contesting a surviving spouse's right of dissent entails something entirely different from the construction of a will. In fact, as its name connotes, dissent does not even involve application of the will—it involves a spouse's outright refusal to collect under the will. Although both actions in part involve estate valuations (the dissent action involving valuation of the *entire* estate and the declaratory judgment action involving valuation of the *testamentary* estate), the actions are still fundamentally different in nature. As such, we conclude that G.S. 30-1(c) and G.S. 1-254 govern mutually exclusive subject matter, so that each must be construed separately.

Because G.S. 1-254 does not encompass actions to contest a surviving spouse's right of dissent, we conclude the superior court did not have subject matter jurisdiction over the issues involved in this

case. In its declaratory judgment action, plaintiffs sought something entirely different from the court than construction of a will. In their complaint, plaintiffs contest defendant Day's right of dissent from the will based on valuations. Resolution of this issue has nothing to do with construction of the will instrument; the provisions of G.S. 1-254 do not confer subject matter jurisdiction for plaintiffs' action.

It is important to note that plaintiffs' action contests only the valuations relevant to defendant Day's right of dissent. A different analysis may have resulted if plaintiffs had alleged that the agreement in this case was reached through collusion or fraud. While our courts have indicated that "[a]bsent a showing that the parties have failed to act in an arm's length manner . . . the clerk ought to abide by this agreement," *Taylor v. Taylor*, 301 N.C. 357, 363, 271 S.E.2d 506, 510-11 (1980), they have not addressed what action is appropriate when persons other than the parties to the agreement make such a challenge. As plaintiffs have made no contention regarding collusion or fraud, the issue is not before us and we have not addressed it.

**[2]** Plaintiffs also contend that because defendant Day and her attorney, through conversations and correspondence, previously agreed that plaintiffs have standing to bring a declaratory judgment action, defendant Day waived her right to assert standing as a defense in this case. We have already concluded that the issue in this case was not one of standing, but of subject matter jurisdiction. Hence, even if defendant Day agreed or even urged plaintiffs to institute a declaratory judgment action, jurisdiction of the court over the subject matter of the action is the most critical aspect of the court's authority to act and cannot be waived. W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 12-4 (5th ed. 1998). Furthermore, it was certainly not Day's position to advise plaintiffs on their options for contesting her right of dissent.

In sum, the trial court's 19 April 1999 order granting summary judgment is vacated for lack of subject matter jurisdiction over plaintiffs' appeal. The matter is remanded for dismissal for the reasons set forth herein.

Given our disposition as to the first issue, we need not consider plaintiff's contentions regarding valuation of the testate and intestate shares.

This opinion supercedes in all respects the previous opinion of the Court.

Vacated and remanded.

Judges MARTIN and WALKER concur.