In the Matter of: The Will of MAGGIE NIPSON LOMAX, Deceased.

(Filed 21 November, 1945.)

**1. Wills § 23b: Evidence § 46—**

Capacity to make a will is not a simple question of fact. It is a conclusion which the law draws from certain facts as premises. Hence the nonexpert witness must state the facts gained from personal observation as a predicate for the expression of his opinion on such capacity. Failure to observe this rule is prejudicial error.

**2. Evidence § 6—**

The "greater weight of the evidence" relates to the credibility of evidence offered, and not to the quantity.

**3. Same: Wills § 25—**

In an action on the issue of *devisavit vel non*, where the court charged the jury that the rule, as to the greater weight of the evidence required of the propounders, means that they must offer more evidence, however slight it may be, than the caveators have offered, there is reversible error.

Appeal by propounders from *Rousseau, J.,* at May Term, 1945, of Buncombe.

Civil action, an issue of *devisavit vel non.*

When this case was called in the Superior Court for the third trial ordered on the last and second appeal, *ante,* 31, 33 S. E. (2d), 63, and to which this appeal relates, the caveators admitted that Maggie Nipson Lomax, the deceased, signed the instrument propounded for probate, and that same was properly witnessed and had been theretofore admitted to probate in common form before the clerk of the Superior Court of Buncombe County; but they attack the instrument for her mental incapacity and by reason of fraud and undue influence. The caveators thereupon assumed the burden to prove the grounds of attack, and in accordance therewith went forward with the introduction of testimony.

In the course of taking testimony, caveators asked each of numerous witnesses offered by them, a question, bearing upon the issue of mental capacity of Maggie Lomax to make a will on the date of the instrument probated in common form, substantially as follows:

"From your observation and conversation with Maggie Nipson Lomax, do you have an opinion satisfactory to yourself as to whether or not on January 8, 1941, she had sufficient mental capacity to know the nature and extent of her property, to know who were the natural objects of her bounty, and to realize the full force and effect of the disposition of her property by will?" This question being answered in the affirmative, the

witness was asked, "What is your opinion?" This question was generally the subject of objection and exception by propounders, and to some of the answers propounders objected and moved to strike same, upon denial of which exception was taken and is now assigned as error. For example, the witness Grace McLendon, a niece, answered: "I am of the opinion that Aunt Maggie did not have it to make a will in 1941, because she was not able to leave the house." Exception No. 5.

In other instances propounders objected and excepted to the question as to "What is your opinion?" and moved to strike the answer expressing opinion that "she did not have sufficient mental capacity to make a will," but do not bring forward as an assignment of error exception taken to the denial of the motions. In other instances objection was taken to the question only, and no motion was made to strike the answer expressing opinion that "she did not have sufficient mental capacity to make a will."

And when the witness Whit New was testifying, he gave as his opinion that she was "too weak to do anything." Whereupon, the court asked this question: "Did she have mentality sufficient to make a will?" Exception No. 19. The witness answered: "No, sir, she didn't have that mind."

These issues were submitted to the jury:

1. Was the paper writing offered for probate as the last will and testament of Maggie Nipson Lomax, deceased, signed and executed according to law?

2. If so, did Maggie Nipson Lomax on January 8, 1941, have sufficient mental capacity to make a will?

3. If so, was the execution of said paper writing procured by fraud or undue influence?

4. Is the paper writing and every part thereof, the last will and testament of Maggie Nipson Lomax?

And the court in charging the jury on these, after reading the first issue, and instructing the jury, upon admissions of caveators, to answer it "Yes," proceeded to charge in relation to the second and third issues. In the course of so doing, and after defining what is "greater weight of the evidence," the court continued with these instructions to which exceptions are taken and assigned for error: (1) "Where the burden is on the caveators to satisfy you by the greater weight of the evidence— that means they must offer more evidence, however slight it may be, than the propounders have offered.

(2) "The same rule applies to the propounder Quick and others where the court puts the burden on them by the greater weight of the evidence, and they would have to satisfy you by the greater weight of the evidence."

Thereupon the court instructed the jury as to the answer to be given to the fourth issue depending upon the answers made to the second and third issues; and further charged that if the jury answered the second issue "No," the third and fourth issues need not be answered.

The jury for verdict answered "Yes" to the first issue, as directed by the court, and "No" to the second issue. Thereupon, the court entered judgment that the paper writing offered for probate as the last will and testament of Maggie Nipson Lomax is not such will, that the same is null, void and of no effect, and is set aside and declared void, etc.

Propounders appeal therefrom to Supreme Court and assign error.

*Carl W. Greene and Smathers & Meekins for propounder, appellant.*

*Geo. F. Meadows, W. W. Candler, and Cecil C. Jackson for caveators, appellees.*

Winborne, J. The main points assigned as error by propounders on this appeal are substantially these:

1. In permitting lay witnesses to express opinion that Maggie Nipson Lomax did not have sufficient mental capacity to make a will.

2. In charging the jury as indicated in foregoing statement of the facts.

As to the first, this question was the question for decision, and decided on the first appeal in this case—224 N. C., 459, 31 S. E. (2d), 369, and for which the first new trial was then ordered. It is there said, in part, that "Capacity to make a will is not a simple question of fact. It is a conclusion which the law draws from certain facts as premises. . . . Hence the witness must state the facts gained from personal observation as a predicate for the expression of his opinion. . . . Failure to observe this rule, in the admissions of the evidence elicited by the questions objected to in the case at bar, has, we think, prejudiced the propounder's cause. Several nonexpert witnesses were permitted to say that decedent at the time of executing the paper writing propounded did not have mental capacity to make a will, apparently without understanding what degree of mental capacity was necessary to constitute legal competency."

In the present case the errors are (1) in refusing to strike the answer of the lay witness expressing the opinion that Maggie Nipson Lomax did not have sufficient mental capacity to make a will, which was not responsive to the question asked, and (2) in overruling objection to the question asked by the court: "Did she have mentality sufficient to make a will?" by which a negative answer was elicited.

Now as to the charge: While the court had theretofore told the jury that "greater weight of the evidence" relates to the credibility of evidence offered, and not to the quantity of it, the portions to which excep-

tion is taken may tend to confusion in that, the explanation of what is meant by the clause "where the burden is on the caveators to satisfy you by the greater weight of evidence," requires that they offer "more evidence, however slight it may be, than the propounders have offered." To this caveators alone, upon adverse verdict, might have complained. But the court went further and instructed the jury that "the same rule applies to the propounder Quick and others, where the court puts the burden on them, etc." However, upon the admissions of caveators, and the fact that the answer to the fourth issue follows as a matter of law the answers to the second, or to the second and third issues, as the case may be, burden of proof of which was on caveators, there was no burden of proof on propounders. Therefore, the second portion of the instruction tended to and may have confused the jury.

In conclusion let it be noted that much of the argument in this Court by propounders is devoted to the probative value of testimony offered on the trial in Superior Court. This is a matter only for the jury. And though it becomes necessary on this appeal to order a new, and fourth trial, we may not, and do not express or even intimate an opinion on the facts. However, as there are rules by which the trial of such cases is to be governed, the losers, whoever they may be finally, must lose only when the record of the trial shows that, in all material aspects, it was conducted in accordance with the rules. Hence, for prejudicial error in calling the plays, so to speak, and for this reason alone, there must be a

New trial.