IN THE MATTER OF THE WILL OF HUGH B. HESTER, DECEASED

No. 184A87

(Filed 7 October 1987)

**Wills §§ 9.2, 26— three purported wills—bifurcated proceeding—no abuse of discretion**

The trial court did not abuse its discretion in a caveat proceeding by bifurcating the trial where the testator left three paper writings purporting to be his last will and testament; the last chronological writing was submitted for probate by the devisees of that writing; the devisees of the second to last chronological writing filed a caveat; all three purported wills were received into evidence; the trial court denied the propounders' motion for simultaneous submission of issues as to all three writings and submitted only issues regarding the last chronological will; the jury determined that the testator had lacked sufficient mental capacity to execute a valid last will and testament when he signed that writing; the judge declined the propounders' request for peremptory judgment, ordered the same jury to reconvene some time later, directed that the other purported wills be offered for common form probate in the interim, and required that any caveat be filed within ten days; caveators filed their writing and propounders filed a caveat; and the jury determined that the second to last writing was the testator's valid last will and testament. Bifurcation was an effective method of avoiding the potential confusion of instructions on mental capacity and undue influence with more than one script involved; it resulted in an orderly presentation of the evidence whereby competing claims were fully heard one at a time, serving the interests of judicial economy and convenience; and it did not result in an impermissible collateral attack upon the validity of the 1983 script. N.C.G.S. § 1A-1, Rule 42(b).

Justice MITCHELL did not participate in the consideration or decision of this case.

APPEAL by caveators pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 84 N.C. App. 585, 353 S.E. 2d 643 (1987), which vacated the judgment of *Lewis (Robert D.), J.,* filed 21 November 1985 in Superior Court, BUNCOMBE County, and remanded the cause for a new trial. Heard in the Supreme Court 8 September 1987.

*Roberts Stevens & Cogburn, P.A., by Landon Roberts and Glenn S. Gentry, for propounders, and Bruce Elmore, Jr., Guardian ad Litem, appellees.*

*Womble, Carlyle, Sandridge & Rice, by G. Eugene Boyce, for caveator Meredith College, Patla, Straus, Robinson & Moore, P.A., by Richard S. Daniels, for caveators Mars Hill College and Eleanor Pittenger, and Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Susan K. Burkhart, for caveator Meredith College, appellants.*

*Lacy H. Thornburg, Attorney General, by Charles J. Murray, Special Deputy Attorney General, for caveator The University of North Carolina at Greensboro, appellant.*

MARTIN, Justice.

The sole issue for review in this case is whether the trial court abused its discretion in bifurcating the caveat proceeding below. We hold that bifurcation was within the bounds of the trial court's discretion and therefore reverse the decision of the Court of Appeals.

The testator, retired Brigadier General Hugh B. Hester, died in the Buncombe County Veterans Administration Hospital on 25 November 1983 at the age of eighty-eight. Prostate cancer was listed as the primary cause of death, with senile dementia a significant contributing cause. Hester died a widower without issue and left three paper writings, each purporting to be his last will and testament:

1. A script dated 18 November 1983 devised the estate to Hester's niece, Katherine Watson, and to Mrs. Watson's children and grandchildren. Mrs. Watson's husband, Colonel Ted P. Watson, was named executor. Colonel Watson had obtained power of attorney on 1 November 1983.

2. A script dated 18 June 1982 devised the estate to Hester's sister-in-law, Eleanor Pittenger, and to Mars Hill College, Meredith College, The University of North Carolina at Greensboro, and the First Baptist Church of Asheville. Hester's accountant, Arthur Price, was named executor. Price had obtained power of attorney on 1 October 1981.

3. A script dated 8 June 1981 devised the estate to nieces Katherine Watson, Frances Elliot, and Kate Nichol, and to sisters-in-law Eleanor Pittenger, Alice Wheeler, Mary Chase, and Dorothy Boswell. Arthur Price was named executor.

The Watsons (propounders) submitted the 1983 script for probate in common form before the Clerk of Superior Court, Buncombe County. Mars Hill College, Meredith College, The University of North Carolina at Greensboro, and Eleanor Pittenger (caveators) then filed a caveat challenging the 1983 script on the grounds of improper attestation and execution, lack of mental capacity, and undue influence by Katherine and/or Ted Watson.

The clerk duly transferred the matter to the civil issue docket of superior court and a jury trial began 24 September 1985 before the Honorable Robert D. Lewis. Most of the testimony concerned execution of the 1983 script, but all three purported wills were received into evidence. At the close of all the evidence, Judge Lewis denied propounders' motion for simultaneous submission of issues as to all three documents and submitted issues regarding the validity of the 1983 script only. The jury determined that General Hester had lacked sufficient mental capacity to execute a valid last will and testament when he signed the 1983 writing.

Judge Lewis declined propounders' request for entry of judgment and ordered the same jury to reconvene some weeks later:

Members of the jury, in this case the law seems to require that in these types of proceedings where there may be more than one will applicable that all the wills should be considered and probated in the same case.

The procedure, then, as suggested in some of the cases, would mean that upon the rejection of one of the wills the jury has to consider the other will or wills to the end that the estate can be properly processed without undue delay.

I concluded that to do that in this particular case would have led to some confusion, because the Propounders of this will, the latest will, would become the Caveators in the will of 1982, and the Caveators of the will in '83 become the Propounders of the will of '82.

In re Will of Hester

> So now that we have your verdict in which you have rejected the 1983 will we are going to need your help in considering the other will or wills, applying some of the same facts and most of the same law. In other words, I have, in effect, bifurcated or divided the trial into two stages.

> These litigants will perhaps need some additional work to do before we consider the other two wills, and I am, therefore, going to adjourn this proceeding as not completed to final judgment and hope to convene again on the 18th of November of 1985 to complete the work necessary to properly administer the estate of Hugh B. Hester. So what I am saying is that I'm asking you to bear with us and to return on November the 18th for a conclusion of this trial.

The court further directed that the other purported wills be offered for common form probate in the interim and that any caveat be filed within ten days. Caveators complied by filing the 1982 script with the Clerk of Superior Court. Propounders filed a caveat, alleging inter alia that General Hester did not possess the mental capacity to execute a will on 18 June 1982 and that he had been subjected to the undue influence of Arthur Price and the beneficiaries of the 1982 script.

The jury reconvened 18 November 1985. The court received testimony regarding the execution of the 1981 and 1982 scripts and submitted issues as to both. The jury then determined that the 1982 writing was General Hester's valid last will and testament. Judge Lewis entered final judgment accordingly.

The Court of Appeals vacated the judgment and remanded for a new trial, holding that Judge Lewis had abused his discretion in failing to submit issues as to all three purported wills simultaneously. We disagree.

The paramount duty of the trial judge is to supervise and control the course of the trial so as to prevent injustice. *Greer v. Whittington*, 251 N.C. 630, 111 S.E. 2d 912 (1960); *Miller v. Greenwood*, 218 N.C. 146, 10 S.E. 2d 708 (1940). In discharging this duty, the court possesses broad discretionary powers sufficient to meet the circumstances of each case. *State v. Britt*, 285 N.C. 256, 204 S.E. 2d 817 (1974). This supervisory power encompasses the authority to structure the trial logically and to set the order of

proof. *In re Westover Canal*, 230 N.C. 91, 52 S.E. 2d 225 (1949). *See Hayes v. Ricard*, 251 N.C. 485, 112 S.E. 2d 123 (1960); *Dixon v. Brockwell; Martin v. Brockwell; Wakefield v. Brockwell*, 227 N.C. 567, 42 S.E. 2d 680 (1947). Absent an abuse of discretion, the trial judge's decisions in these matters will not be disturbed on appeal. *State v. Phillips*, 300 N.C. 678, 268 S.E. 2d 452 (1980).

The North Carolina Rules of Civil Procedure expressly preserve these inherent supervisory powers with regard to severance and bifurcation. N.C.R. Civ. P. 42(b) provides:

The court may in furtherance of convenience or to avoid prejudice and shall for considerations of venue upon timely motion order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims, or issues.

The legislative commentary to this rule notes that "the power of severance is an indispensable safety valve to guard against the occasion where a suit of unmanageable size is thrust on the court. Whether or not there should be a severance rests in the sound discretion of the judge." The discretion reposed in the trial judge by the rule is extremely broad. 1 T. Wilson & J. Wilson, *McIntosh N.C. Practice and Procedure* § 1341 (2d ed. Supp. 1970).

Our own rule is, in all respects pertinent to this appeal, identical to Federal Rule of Civil Procedure 42(b). Thus, it is appropriate that we consult cases construing the federal rule for guidance as to when the separation of issues is considered proper. *See* Comment, N.C.R. Civ. P. 42(b) (citing 5 Moore's Federal Practice § 42.03). We find these cases to be highly instructive.

Federal case law indicates that Rule 42(b) confers not only the authority to sever issues for independent trial before separate juries, but also the authority to sever issues within a single trial or proceeding for separate submission to the same jury. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2388, 2391 (1971) (piecemeal trial of separate issues in a single suit is not the usual course but is authorized when the court believes that separation will achieve the purposes of the rule) (citing *Emerick v. U.S. Suzuki Motor Corp.*, 750 F. 2d 19 (3d Cir. 1984); *In re Beverly Hills Fire Litigation*, 695 F. 2d 207 (6th Cir. 1982), *cert. denied*, 461 U.S. 929, 77 L.Ed. 2d 300 (1983)).

A bifurcated trial is particularly appropriate where separate submission of issues avoids confusion and promotes a logical presentation to the jury, *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F. Supp. 1122 (S.D. Tex. 1976), and where resolution of the separated issue will potentially dispose of the entire case, *Molinaro v. Watkins-Johnson CEI Division*, 60 F.R.D. 410 (D. Md. 1973); *Laitram Corp. v. Deepsouth Packing Co.*, 279 F. Supp. 883 (E.D. La. 1968). The better practice is to retain the same jury for all issues, even though it may hear the issues at different times. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2391 (1971).

Although Rule 42(b) has most frequently been applied in complicated tort proceedings, we see no reason why bifurcation of a caveat proceeding may not be approached in the same fashion as in other civil litigation. Inquiry should focus on whether separation of the issues furthers convenience and avoids prejudice.

Here the trial court was well within these guidelines. Judge Lewis wisely observed to counsel that "it would be too confusing for us to try to consider two other wills" and characterized the decision to bifurcate as "simply a matter of discretion on my part trying to get the matter to the jury in the most understandable fashion to keep them from having to jump on both sides of the Caveator/Propounder and getting the burden of proof all messed up."

We have recognized that the instructions on mental capacity and undue influence are potentially quite confusing. *See In re Will of Lomax*, 225 N.C. 592, 35 S.E. 2d 876 (1945). Certainly this potential is multiplied when more than one script is at issue. Bifurcation was an effective method of avoiding this pitfall while incorporating all three scripts into one proceeding. It resulted in an orderly presentation of the evidence whereby competing claims as to each script were fully heard one at a time. The seriatim approach no doubt diminished any bewilderment caused by changes in the parties' alignment and burdens of proof on different scripts.

Moreover, the interests of judicial economy and convenience were well served by separate presentation of issues as to the 1983 script. Had the jury determined that the 1983 script was in fact a valid last will and testament, the issues as to the earlier

scripts would have been mooted and the proceeding need not have continued. The judge logically may have considered submission of the issues as to other scripts premature until the 1983 issues were answered. Bifurcation was the most reasonable and sensible approach under the circumstances.

In reaching the opposite conclusion, the Court of Appeals relies on *In re Will of Charles*, 263 N.C. 411, 139 S.E. 2d 588 (1965). In *Charles* we stated that "[a]ny other script purporting to be the decedent's will should be offered and its validity determined in the caveat proceeding." *Id.* at 416, 139 S.E. 2d at 592. The Court of Appeals interprets this language as a requirement that the trial judge "simultaneously present issues to the jury on all scripts purporting to be the decedent's will," 84 N.C. App. at 592, 353 S.E. 2d at 649, and therefore as a limitation on the trial judge's discretion to bifurcate. We find the Court of Appeals' analysis of *Charles* to be misguided.

In *Charles* three paper writings purported to be the decedent's last will and testament. The first script was admitted to probate in common form, and the beneficiary under the second script filed a caveat. In response to notice of the caveat, the beneficiary under a third script sought to intervene in order to have that script considered during the caveat proceeding. The trial court denied the motion to intervene. We reversed, holding that it was improper to deny intervention, and noting that "any interested person may present to the court any script which is material to the issue whether there is a will, and if so, what is it?" 263 N.C. at 416, 139 S.E. 2d at 591. This holding preserves the right of an interested party to participate in a caveat proceeding by presenting evidence of a relevant script and attacking the validity of other scripts.

Thus *Charles* simply stands for the proposition that the trial court may not exclude from the caveat proceeding consideration of any script offered by an interested party which is relevant to the issue devisavit vel non. It does not mandate, as the Court of Appeals indicates, that the issues relating to all scripts be considered simultaneously. In fact *Charles* made no attempt to dictate how a caveat proceeding involving multiple scripts must be structured. We find nothing in *Charles* to undermine the trial judge's discretion in determining how and when issues as to each

script are to be presented. So long as all relevant scripts which have been offered for proof are included in the caveat proceeding — and here all three scripts were before the jury in deciding the issues on the 1983 script — the holding in *Charles* is satisfied.

Nor are we persuaded that bifurcation of the trial resulted in an impermissible collateral attack upon the validity of the 1983 script. We have previously stated that an attack upon the validity of a will must be direct and in the form of a caveat. The offering of another will for probate in another proceeding is considered a collateral attack. *In re Will of Puett*, 229 N.C. 8, 47 S.E. 2d 488 (1948).

Here, however, the 1982 script was not offered "in another proceeding" but as part of a single, bifurcated caveat proceeding. When a caveat is filed the superior court acquires jurisdiction of the whole matter in controversy, including both the question of probate and the issue devisavit vel non. *Morris v. Morris*, 245 N.C. 30, 95 S.E. 2d 110 (1956). Devisavit vel non requires a finding of whether or not the decedent made a will and, if so, whether *any of the scripts* before the court is that will. *In re Will of Charles*, 263 N.C. 411, 415, 139 S.E. 2d 588, 591. In a multiple-script case, it stands to reason that numerous sub-issues must be answered in order to determine this ultimate issue.

Simple bifurcation of the sub-issues does not create two proceedings. In a bifurcated trial the entire action and all issues therein remain under the control of one court; bifurcation of issues normally results in only one judgment. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2387 (1971). Here the two phases of the trial were unified. The trial judge maintained control of the matter in controversy and used the same jury in both phases. The caveat proceeding was incomplete until all issues as to relevant scripts before the court had been answered.

The decision of the Court of Appeals is reversed and this cause is remanded to that court for further remand to the Superior Court, Buncombe County, for reinstatement of the judgment.

Reversed and remanded.

Justice MITCHELL did not participate in the consideration or decision of this case.