IN THE MATTER OF THE WILL OF SALLIE SCHENCK MASON, DECEASED

No. COA04-318

(Filed 18 January 2005)

**1. Wills— caveat—validity of prior will—issues not raised by pleadings of evidence**

Where a caveator sought to have a 1992 will set aside and a 1996 will adjudged to be the deceased's last will and testament, the trial court did not err by not submitting to the jury the specific issue of the validity of the 1992 will. The caveator did not challenge the validity of the 1992 will on any basis other than its purported revocation by execution of the later will and the jury resolved all issues pertaining to that later will.

**2. Appeal and Error— preservation of issues—caveat—issues not raised at trial**

Issues which were not raised at trial in a caveat proceeding were not preserved for appellate review.

Appeal by Caveator from judgment entered 9 July 2003 by Judge Charles C. Lamm, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 November 2004.

*Malcolm B. McSpadden for caveator-appellant.*

*Moore & Van Allen, PLLC, by Jeffrey J. Davis and McNeill Y. Wester for petitioner-appellee. .*

LEVINSON, Judge.

This appeal arises from a will caveat to the last will and testament of Sallie Schenk Mason. Caveator appeals from judgment entered for propounders. We affirm.

Sallie Mason (deceased) died 28 December 1997. On 29 December 1997 the Bank of America N.A. (executor) propounded certain paper writings for probate on behalf of Robert E. Mason, III, Robert E. Mason, IV, John Bohannon Mason, Esten Mason Walker, and Esten Bohannon Mason (propounders). These consisted of two documents executed by deceased and offered as her last will and testament executed 9 April 1992, and a codicil to the will executed 24 May 1994. In January, 1998, Lucinda Mason (caveator) propounded a second paper writing executed 2 August 1996 and purported to be deceased's last will and testament. On 11 February 1998 the Clerk of Superior Court

**IN RE WILL OF MASON**

[168 N.C. App. 160 (2005)]

of Mecklenburg County, North Carolina, set aside probate of the 1996 will submitted by caveator. On 28 December 2000 caveator filed a caveat to the 1992 will and the 1994 codicil submitted by propounders, and sought to have the 1992 will set aside and the 1996 will adjudged to be deceased's last will and testament. The parties executed pretrial stipulations on 12 May 2003, including in relevant part stipulations that:

1. ... Exhibit A is a Last Will and Testament of [deceased], which was **properly executed by her, in accordance with the statutes** ... on April 9, 1992, ... and a First Codicil to said Will executed on May 24, 1994. ...

2. ... Exhibit B is a Last Will and Testament of [deceased], **duly executed by her, in accordance with the statutes** ... on August 2, 1996.

   . . . .

6. The [c]aveator claims that the [1992] Will and [1994] Codicil ... were revoked by the [1996] Will. ...

7. Propounders claim that the [1992] Will ... is the proper Last Will ... because the [1996] Will ... is invalid on the grounds that [deceased] was not competent to make a will at the time of its execution, and that the will was procured by undue influence and duress.

8. Propounders of the [1992] Will ... have the burden of proving the invalidity of the [1996] Will. ...

9. The issues to be decided by the jury will be the following:

   A. Did [deceased] lack sufficient mental capacity to make and execute a will at the time that the 1996 [w]ill was executed?

   B. Was the 1996 Will procured by undue influence?

   C. Was the 1996 Will procured by duress?

(emphasis added). A jury trial was conducted on these issues beginning 12 May 2003. On 20 May 2003 the jury returned the following verdicts:

1. Did [deceased] lack sufficient mental capacity to make and execute a will at the time that the 1996 [W]ill was executed?

   Answer: No.

IN RE WILL OF MASON

[168 N.C. App. 160 (2005)]

2. Was the 1996 Will procured by undue influence?

Answer: Yes.

3. Was the 1996 Will procured by duress?

Answer: Yes.

Following return of these verdicts, the trial court on 9 July 2003 entered judgment for propounders. The court decreed "that the 1996 Will propounded by Caveator Lucinda L. Mason is invalid, and the paper writings dated April 9, 1992 and May 24, 1994, which were submitted by the Propounders to the Clerk of Court and admitted to probate in common form on December 29, 1997, are declared to be the Last Will and Testament of [deceased] and the First Codicil thereto." From this judgment caveator appeals.

Standard of Review

Caveator appeals from the entry of judgment in favor of the propounders. A caveat is "an attack upon the validity of the instrument purporting to be a will. The will and not the property devised is the *res* involved in the litigation." *In re Will of Cox*, 254 N.C. 90, 91, 118 S.E.2d 17, 18 (1961) (citation omitted). "A caveat is an *in rem* proceeding. The 'parties' are not parties in the usual sense but are limited classes of persons specified by the statute who are given a right to participate in the determination of probate of testamentary script." *In re Will of Ashley*, 23 N.C. App. 176, 181, 208 S.E.2d 398, 401 (1974).

"Upon the filing of the *caveat* the proceeding is transferred [to superior court] . . . for trial before a jury . . . [so] that the court may determine whether the decedent left a will and, if so, whether any of the scripts before the court is the will." *In re Will of Charles*, 263 N.C. 411, 415, 139 S.E.2d 588, 591 (1965). The issue of whether the decedent made a will and whether a given document is his will, is known as *devisavit vel non*, translated from the Latin as "he devises or not." BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE, 272 (2nd ed. 1995). "Devisavit vel non [sic] requires a finding of whether or not the decedent made a will and, if so, whether *any of the scripts* before the court is that will." *In re Will of Hester*, 320 N.C. 738, 745, 360 S.E.2d 801, 806 (1987) (citation omitted). "In a multiple-script case . . . numerous sub-issues must be answered in order to determine this ultimate issue." *Id.*

IN RE WILL OF MASON

[168 N.C. App. 160 (2005)]

When the validity of a will is challenged,

> the burden of proof is upon the propounder to prove that the instrument in question was executed with proper formalities required by law. "Once this has been established, the burden shifts to the caveator to show by the greater weight of the evidence that [the instrument is invalid because, *e.g.*,] the execution of the instrument was procured by undue influence."

*In re Will of Prince*, 109 N.C. App. 58, 61, 425 S.E.2d 711, 713 (1993) (quoting *In re Andrews*, 299 N.C. 52, 54, 261 S.E.2d 198, 199 (1980)). Also, if several writings are offered as the last will and testament of a deceased, the trial court has authority to bifurcate the trial, or to first submit to the jury only the issues pertaining to one of the writings. *Hester*, 320 N.C. at 743, 360 S.E.2d at 804. Thus, the trial court does not err by first submitting to the jury the issue of the validity of the more recently executed writing. *In re Will of Barnes*, 157 N.C. App. 144, 162, 579 S.E.2d 585, 597 (2003) (Hudson, J., concurring in part and dissenting in part), *rev'd per curiam for reasons stated in the dissent*, 358 N.C. 143, 592 S.E.2d 688-89 (2004).

---

[1] Caveator argues that the trial court committed reversible error by not submitting to the jury the specific issue of the validity of the 1992 will and 1994 codicil. We disagree.

In the instant case, the caveator challenged the validity of the 1992 will on the sole basis that it had been revoked by the testatrix's execution of the 1996 will. Indeed, the parties stipulated that the 1992 will, 1994 codicil, and 1996 will all were properly executed according to statutory requirements. Further, the parties agreed pretrial that the only disputed factual issues for trial were (1) whether testatrix had the mental capacity to execute a will at the time when the 1996 will was executed; (2) whether execution of the 1996 will was obtained through the caveator's undue influence; and (3) whether execution of the 1996 will was obtained by duress. Accordingly, the trial evidence pertained to these issues, and caveator does not identify any specific trial evidence raising other relevant issues of fact. During the charge conferences, caveator submitted several drafts of proposed jury instructions on the stipulated issues, and never requested that the jury be instructed on issues pertaining to the 1992 will. The three issues were submitted to the jury, which returned a verdict as to each one. Thus, the caveator did not challenge the validity of the 1992 will on any basis other than its purported revocation by execution of a

later will; the jury resolved all the issues pertaining to the 1996 will; and caveator neither presented evidence of another basis to challenge the 1992 will, nor requested that the jury be instructed on any issues other than those stipulated by the parties. Against this factual backdrop, caveator argues that, notwithstanding jury resolution of the only factual issues raised by the caveat, the trial court nonetheless lacked authority to enter judgment in favor of the propounders without first submitting to the jury the technical "issue" of the validity of the 1992 will. Caveator's argument is based primarily on her interpretation of the holding of *In re Will of Dunn*, 129 N.C. App. 321, 500 S.E.2d 99 (1998), which caveator claims is "dispositive" on the issue. We disagree.

In *Dunn*, three documents were presented by the parties as the last will and testament of the decedent, all executed within a few months of each other. Following the jury's determination that the second and third paper writings were obtained by undue influence, the trial court made findings of fact that decedent had properly revoked the first will when he executed the second and third; that decedent had sufficient mental capacity to revoke his first will; and that the revocation was not the product of undue influence. However, these were issues upon which conflicting evidence had been presented at trial. Consequently, this Court held that the trial court erred by determining these issues of fact, instead of submitting them to the jury:

> It is the duty of the trial judge to submit such issues to the jury as are necessary to resolve the material controversies arising upon the pleadings and the evidence. . . . "The trial court may not, at least where there are any factual issues, resolve those issues even by consent. . . ." We interpret this holding to mean that in a caveat proceeding the parties may not waive, either by consent or by implication, jury resolution of an issue upon which the evidence is in conflict and material facts are in controversy.

*Dunn*, 129 N.C. App. at 325-27, 500 S.E.2d at 102-03 (quoting *In re Will of Mucci*, 287 N.C. 26, 35, 213 S.E.2d 207, 213 (1975)). The holding of *Dunn*, that jury resolution of contested issues in a caveat proceeding may not be waived, is consistent both with general trial procedure and with long-standing policy considerations regarding caveat proceedings:

> [T]he intentions of testators could be frustrated, and the grossest injustice and fraud practiced, if the actors in an issue of *devisavit vel non* . . . [had] unrestricted control over the issue;

for instance, the propounders, by collusion with the caveators, might . . . prove [the will's] execution according to the forms of the law and then defeat it by admitting the insanity of the testator, or . . . a paper wanting in the requisites of a good will, having for example only one subscribing witness, might be established by the caveators simply admitting that it was executed according to the requirements of the statute.

*Syme v. Broughton,* 85 N.C. 367, 369 (1881). However, *Dunn* neither imposes a bar on stipulations in all caveat proceedings, nor supports caveator's position that the court may **never** enter judgment in a caveat proceeding, even where there is no evidentiary conflict on an issue.

For example, summary judgment may be entered in a caveat proceeding in factually appropriate cases. *See, e.g., In re Will of McCauley,* 356 N.C. 91, 100-01, 565 S.E.2d 88, 95 (2002) (analyzing case in which trial court granted summary judgment for caveators under traditional summary judgment standards and reversing only upon concluding that there were genuine issues of material fact). Further, in appropriate circumstances, the trial court may enter a directed verdict in a caveat proceeding. *See, e.g., In re Will of Jarvis,* 334 N.C. 140, 142, 430 S.E.2d 922, 923 (1993) (holding "that the trial court properly directed verdicts as to the issues of improper execution and undue influence"); *Mucci,* 287 N.C. at 36, 213 S.E.2d st 214 (holding that directed verdict is proper where propounder fails to come forward with evidence of a testamentary disposition: "Rather than direct or peremptorily instruct the jury to do what is essentially a mechanical act the better practice is for the trial court to enter a directed verdict pursuant to Rule 50 of the Rules of Civil Procedure."). Moreover, both stipulations and peremptory instructions to the jury have been upheld in caveat proceedings. *See, e.g., In re Ball's Will,* 225 N.C. 91, 92-93, 96, 33 S.E.2d 619, 620-22 (1945) (holding that court's peremptory charge was supported by the record where "[caveators] formally conceded that the paper writing was duly executed . . . as required by statute and at the time of its execution the testator possessed sufficient mental capacity to make and execute a will" and "[n]o part of [the evidence] . . . show[ed] . . . fraudulent influence of the beneficiary controlling the mind of the testator"); *In re Will of Campbell,* 155 N.C. App. 441, 461, 573 S.E.2d 550, 564 (2002) ("Both the will and the codicil were self-proving. Caveators presented no contrary evidence to the jury. We . . . conclude the trial court properly instructed the jury on this issue, as com-

petent, uncontroverted evidence of proper execution of both documents was presented."), *disc. review denied*, 357 N.C. 63, 579 S.E.2d 385 (2003); *In re Will of Smith*, 159 N.C. App. 651, 655-56, 583 S.E.2d 615, 619 (2003). This Court has noted that "although motions for directed verdict have not generally been granted in caveat proceedings . . . propounders may move for directed verdict on the issue of whether a validly executed will exists . . . and . . . caveators may move for directed verdict at the close of the propounders' case. . . ." *Smith,* 159 N.C. App. at 655-56, 583 S.E.2d at 619.

Finally, the failure of the trial court to specifically designate its judgment as a directed verdict does not preclude our Court from interpreting it as such. *See Akzona, Inc. v. Southern Ry. Co.*, 314 N.C. 488, 495, 334 S.E.2d 759, 763 (1985) ("Because the trial court did not instruct the jury with respect to negligence, trespass and strict liability, its jury charge amounted to an implied directed verdict on those issues."); *In re Estate of Ferguson*, 135 N.C. App. 102, 104, 518 S.E.2d 796, 798 (1999) (noting that where a trial court "refused to submit an issue to the jury, . . . the trial court acknowledged that its ruling 'amount[ed] to a granting of the motion for a directed verdict on th[e] point.' ").

In the instant case, all disputed factual issues raised by the pleadings and the trial evidence were resolved by the jury, and caveator does not identify evidence raising new issues. Following the jury's verdict, the trial court entered judgment that the 1996 will was invalid, in accord with the jury's verdicts and entered judgment in favor of propounders on the validity of the 1992 will. We conclude that the trial court, in effect, conducted a bifurcated trial. First, the jury resolved the factual issues pertaining to the validity of the 1996 will, allowing the court to enter judgment as to the 1996 will. Thereafter, as there were no remaining issues pertaining to the 1992 will, the judge entered what amounted to a directed verdict for propounders on caveator's challenge to the 1992 will. We further conclude that entry of a directed verdict for propounders was not barred by the holding of *Dunn*. This assignment of error is overruled.

[2] The caveator also raises several issues on appeal pertaining to the admission at trial of certain evidence. These include her arguments that the trial court committed reversible error by admitting: (1) testimony of medical care providers regarding their treatment of the deceased; (2) expert opinion testimony based in part upon hearsay evidence; (3) non-expert opinion testimony based in part upon

**IN RE WILL OF MASON**

[168 N.C. App. 160 (2005)]

hearsay evidence; (4) the videotaped deposition of Dr. Faye Sultan; (5) a letter written to the deceased; and (6) evidence pertaining to the value of the testatrix's estate.

N.C. R. App. P. 10(b)(1) provides in pertinent part:

In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

*See also In re Estate of Peebles*, 118 N.C. App. 296, 301, 454 S.E.2d 854, 858 (1995) ("[C]aveator argues for the first time on appeal that . . . the trial court erred in denying her motion. . . . Because the trial court never had the opportunity to consider the issue, it is not properly before us on appeal.") (citing N.C. R. App. P. 10(b)(1)); *In re Will of Maynard*, 64 N.C. App. 211, 222, 307 S.E.2d 416, 425 (1983) ("[P]ropounders did not make a timely objection to evidence of the contract. . . . Consequently, there was no error in allowing testimony relating to the contract. . . .").

In the instant case, caveator failed to object at trial to the introduction of any of the challenged items or categories of evidence. Consequently, she failed to preserve these issues for appellate review. Moreover, the challenged evidence was either properly admitted or nonprejudicial to caveator. These assignments of error are overruled.

We have reviewed caveator's remaining assignments of error and conclude that they do not have merit. The judgment of the trial court is:

Affirmed.

Judges HUNTER and CALABRIA concur.