Moody v. Sears, Roebuck & Co., 2008 NCBC 14.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER             02 CVS 4892

| | | |
|---|---|---|
| WILLIAM MOODY, JR., on behalf himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| SEARS, ROEBUCK AND CO., | ) ) | |
| Defendant. | ) | |

{1}    This matter is before the Court on remand from the North Carolina Court of Appeals. *Moody v. Sears Roebuck & Co.*, No. COA07-1089, 2008 N.C. App. LEXIS 1324 (N.C. Ct. App. July 15, 2008).  The Court of Appeals has ruled that this Court should have afforded full faith and credit to the settlement approved by the Honorable Julia M. Nowicki of the Circuit Court of Cook County, Illinois, in *Wrobel v. Sears Roebuck & Co.*, No. 02 CH 23058 (Ill. Cir. Ct. Dec. 24, 2002), and instructed the Court to dismiss the class action allegations with prejudice.[1]  In so doing, the Court of Appeals shared the trial court's serious concerns regarding the final accounting, which showed that the class members in North Carolina received $66.00 in cash and coupons and the nationwide class members received $2,402.00 in cash and coupons, while Plaintiff's counsel received $1,100,000.00 in cash and coupons.  *Moody*, 2008 N.C. App. LEXIS 1324 at *11, *41.  Based on that concern, the appellate court provided direct instructions to the trial courts about their obligations to oversee class actions.  The Court of Appeals said:

> We . . . hold that the requirements of our own Rule 23(c) do not apply to pre-certification class-action complaints. Therefore, we hold that the trial court erred in concluding that Plaintiff Moody was required to obtain judicial approval under Rule 23(c) before obtaining a voluntary dismissal of his class-action complaint. . . .
> . . . .

---

[1] This Court has previously dismissed Mr. Moody's individual claim, which the Court of Appeals found deprived him of standing on appeal.

> Without some level of pre-certification court supervision, there is an unacceptable risk that parties may abuse the class-action mechanism in myriad ways. . . .
>
> . . . .
>
> We therefore hold that when a plaintiff seeks voluntary dismissal of a pre-certification class-action complaint, the trial court should engage in a limited inquiry to determine (a) whether the parties have abused the class-action mechanism for personal gain, and (b) whether dismissal will prejudice absent putative class members. If the trial court finds that neither of these concerns are present, the plaintiff is entitled to a voluntary dismissal. However, if the trial court finds that one or both of these concerns are present, it retains discretion to address the issues . . . . *To the extent the trial court's post-16 December 2004 orders encompassed this type of limited inquiry, the trial court did not err by issuing such orders.*

*Moody*, 2008 N.C. App. LEXIS 1324, at *22, *26, *28. (emphasis added.)

{2}    Applying the holdings set out above in future cases is not a problem for Special Superior Court Judges for Complex Business Cases.[2] All pleadings are required to be filed with the judge assigned the case. The Business Court judge therefore will have notice of the filing of a voluntary dismissal. The Court takes this opportunity to inform the Bar of the procedures that counsel must follow in pre-certification class actions assigned to Special Superior Court Judges for Complex Business Cases when a plaintiff who has assumed a fiduciary duty by filing a class action subsequently files a voluntary dismissal. These measures are taken in order for the Court to exercise the level of pre-certification court supervision directed and approved by the Court of Appeals.

{3}    Counsel shall be required to file with the Court a statement of (1) the reason for dismissal, (2) the personal gain received by the plaintiffs in any settlement, (3) a statement of any other material terms of the settlement, specifically including any terms which have the potential to impact class members, (4) a statement of any counsel fees paid to plaintiff's counsel by defendants, and (5) a statement of any agreement by plaintiff(s) restricting their ability to file other litigation against any defendant. Plaintiff(s) counsel shall also file a statement either detailing any potential prejudice to putative class members or representing to the Court that no prejudice exists. Courts will be particularly concerned about issues related to tolling of the statute of limitations. The Court notes the Court of Appeals' approval of its authority to hold a certification hearing, certify the class if

---

[2] This Court is in no position to determine how other trial courts will exercise their supervisory obligations if a plaintiff simply files a voluntary dismissal with prejudice with the clerk's office. Must the Clerk do something? Is the Senior Resident Judge required to review dismissals of pre-certification class actions? Is counsel required to file a motion?

appropriate, and order that notice be given to the class members if concerns are present.  *See Moody*, 2008 N.C. App. LEXIS 1324, at *28 n.7.

{4}     In the instance where a plaintiff files a voluntary dismissal based upon approval of a nationwide class action settlement in a foreign jurisdiction which encompasses persons who would have been class members in a North Carolina action, counsel shall file with the Court a copy of the order approving settlement and sufficient information concerning the notice provisions so that the Court can ascertain if jurisdictional and due process issues have been addressed by the foreign court and whether North Carolina citizens have been represented in the proceeding.  This will permit the Court to raise any concerns with the foreign court.[3]  Once those concerns have been addressed, the foreign court's order will be entitled to full faith and credit whether or not this Court would have granted approval of the settlement.  North Carolina counsel will be required to file a final accounting as described in paragraph 6 below.

{5}     In providing instruction to trial judges on their obligations to supervise class actions, the Court of Appeals recognized the need for judicial oversight of settlements.  One comprehensive study of class actions explained the benefits of judicial oversight as follows:

> If judges already have the power to regulate damage class actions but not all of them use it fully, what stands in the way of stricter regulations?  We see three obstacles: a discourse about judging that emphasizes calendar-clearing above all other values, a belief that court efficiency is measured in terms of dollars spent rather than dollars spent well, and a failure to systematically expose what occurs in damage class actions to public light.
>
> To promote stricter regulation of damage class actions, we need to change the discourse about the role of judges in collective litigation.  Judges need to be educated that damage class actions are not just about problem solving, that the rights of plaintiffs and defendants are at stake, that responsibility for case outcomes lies not just with class counsel and defendant but with the judge as well, and that what is deemed acceptable in one case sends important signals about what will be deemed acceptable in another.
>
> . . . .
>
> As with many other public controversies, the debate over damage class actions has created a lot of heat without shedding much light on the range of practices and outcomes in these lawsuits.  Shining more light on damage class action outcomes would enhance judges' incentives to regulate class actions.  Comprehensive reporting of class action litigation would provide a rich resource for policymakers concerned about class action reform as well as an unbiased information source for print and broadcast reporters.
>
> To increase public information about class action outcomes:

---

[3] The Court of Appeals raised no concern over this Court's communication of its concerns to Judge Nowicki.

- Judges should require public reporting of the number of class members who claimed and received compensation, the total funds disbursed to class members, the names of other beneficiaries and amounts disbursed to them, and the amounts paid to class counsel in fees and expenses.
- Courts and legislatures should find ways of facilitating broad public access to such data, for example, by making electronically readable case files through the internet.

Deborah R. Hensler et al., RAND Inst. for Civil Justice, *Class Action Dilemmas: Pursuing Public Goals for Private Gain*, Executive Summary 35, 37 (2000).

{6}     Based upon the ruling of the Court of Appeals on the Petition for Writ of Mandamus in this case, this Court concludes that it also is entitled to receive a copy of the final accounting of the distributions to the class in every class action case pending before the Court.  It has been the practice of this Court to require class representatives to file and publish a copy of the final accounting detailing the amount of money (or coupons) actually received by the class, the amount of administrative fees, and the amount of attorney fees received.  Only by seeing those numbers can this Court perform the judicial oversight mandated by the Court of Appeals in its decision.  It is the only way for the public to know what happened.

{7}     The Court concludes that lawyers who file actions purporting to be class actions in North Carolina and then settle the claims of North Carolina citizens (and receive compensation for their services) in connection with a nationwide class action settlement in a foreign jurisdiction should be treated the same as counsel who complete their class action litigation in North Carolina.  The Court will continue its prior practice requiring filing of settlement results in those cases in order to fulfill the supervision mandated by the Court of Appeals' opinion in this case and to ensure public knowledge of the results of class action settlements that affect North Carolina residents.  The results will be published on the Court's website.

{8}     In adopting these procedures the Business Court seeks to promote greater transparency that will fill the "informational black hole" concerning final distributions and make administration of class actions more efficient and effective and thus more beneficial to class members.  Further studies at the RAND Institute have confirmed the need for this information:

> The lack of transparency concerning class action distribution rates is troubling because so many fundamental issues turn on what is contained in the missing data:  How can class members and government officials make informed responses to proposed notice and claiming programs without some sense of the

likely distributional outcome?  On what basis are judges approving settlements and awarding fees without knowing the most likely results of their orders?  Who ultimately benefits from class cases?  Can different forms of notice and different types of distributional programs improve claiming rates?  If so, which ones?  If compensation programs are unlikely to change, should compensation remain a central feature of class actions or should the deterrent aspects be emphasized instead?  If so, how?  Despite the importance of these questions, it is unclear whether the data needed to answer them are available to policymakers and the public.

Pace, Nicholas M. & Rubenstein, William B., *How Transparent are Class Action Outcomes?: Empirical Research on the Availability of Class Action Claims Data* 2 (RAND Working Paper Series WR- 599-ICJ, 2008), *available at* SSRN: http://ssrn.com/abstract=1206315.

{9}    This Court would add to that list of benefits from transparency, the benefit of judges being able to assess the past performance, abilities and commitment of those lawyers who seek to be class counsel in other cases.  A history of final results in other cases would also alert judges to scrutinize settlements proposed by defendants who have settled their class action in ways that resulted in no benefits to class members.  This Court can think of no reason why the final results should not be made known to the Court and the citizens affected.

{10}  The Special Superior Court Judges for Complex Business Cases will follow the guidelines and procedures set forth in paragraphs 3, 4, and 6 above to provide the supervision and transparency encouraged by the Court of Appeals with respect to class action litigation.

{11}  The class action allegations in this action are dismissed with prejudice.

SO ORDERED, this the 6th day of August 2008.

The Honorable Ben F. Tennille
Chief Special Superior Court Judge
 for Complex Business Cases