Thomas Cook Printing Co., Inc. v. Subtle Impressions, Inc., 2008 NCBC 17.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 11566

THOMAS COOK PRINTING
COMPANY, INC., individually and on
behalf of all others similarly situated,

Plaintiff,

v.

SUBTLE IMPRESSIONS, INC.,

Defendant.

**ORDER & OPINION**

*The Margulis Law Group by Max G. Margulis and DeWitt Law, PLLC by N. Gregory DeWitt for Plaintiff Thomas Cook Printing Company, Inc., individually and on behalf of all others similarly situated.*

*Hoof & Hughes, PLLC by J. Bruce Hoof for Defendant Subtle Impressions, Inc.*

Diaz, Judge.

{1}    The parties in this pre-certification class-action case have advised the Court of a settlement as to Plaintiff's individual claims and have submitted the agreement *in camera* for the Court's review pursuant to *Moody v. Sears Roebuck and Co.*, ___ N.C. App. ___, 664 S.E.2d 569 (2008).

{2}    The parties have also submitted the following additional materials *in camera* in support of the proposed settlement: (1) Undated declaration of Max G. Margulis (Plaintiff's counsel admitted *pro hac vice*); (2) Undated declaration of Max G. Margulis and Greg DeWitt (the latter being Plaintiff's local counsel); (3) Statement of J. Bruce Hoof (counsel for Defendant) dated 21 August 2008; and (4) Affidavit of Christopher Brown (Vice-President of Defendant Subtle Impressions, Inc.) dated 20 August 2008.

{3}     This Court has conducted the limited inquiry authorized by *Moody* and has determined that settlement of the individual claims is appropriate and that Plaintiff is entitled to a voluntary dismissal.

## I.

## BACKGROUND

{4}     This action arises out of alleged violations of the Federal Telephone Consumer Protection Act (the "TCPA"), which, *inter alia*, prohibits the transmission of "unsolicited advertisements" to fax machines.  47 U.S.C.S. § 227(b)(1)(C) (LEXIS through legislation of 14 October 2008).

{5}     In the most recent iteration of its Complaint, Plaintiff Thomas Cook Printing Company, Inc. alleges that on nine (9) separate occasions, Defendant Subtle Impressions, Inc. or its agent faxed an unsolicited advertisement to Plaintiff's facsimile machine.  (Revised Second Am. Class Action Compl. ¶¶ 13–21.)

{6}     In addition to its individual claims for relief, Plaintiff has moved to certify a class of at least thirty-nine (39) other individuals or entities that Plaintiff alleges also received unsolicited facsimile advertisements from Defendant.  (Revised Second Am. Class Action Compl. ¶ 23.)

{7}     Pursuant to the TCPA, Plaintiff seeks $500.00 in statutory damages for each member of the putative class, injunctive relief, and such further relief as may be proper.  (Revised Second Am. Class Action Compl. Prayer for Relief ¶¶ 43–45.)[1]

{8}     Plaintiff filed its original Complaint on 19 August 2005, but the matter was not transferred to this Court until 9 August 2007.

{9}     After a protracted and contentious discovery period,[2] the parties notified the Court of their proposed settlement.

---

[1] Plaintiff's original Complaint asserted that Defendant was also liable for statutory treble damages based on allegations that the violations were willful or knowing (Class Action Compl. ¶ 21; Class Action Compl. Prayer for Relief ¶ 3), but the Revised Second Amended Class Action Complaint makes no mention of this claim.  Plaintiff's proposed amended pleading, however, would allege that the TCPA violations were willful, thus subjecting Defendant to treble damages.

[2] Among other things, the parties are locked in a dispute over the scope of access to Defendant's corporate records for the purpose of identifying the putative members of the alleged class.

{10} The putative class members have not been notified of the lawsuit or the proposed settlement.

## II.
## THE SETTLEMENT

{11} The settlement provides that Defendant will pay an agreed sum to resolve Plaintiff's individual claims under the TCPA, including a portion of Plaintiff's costs and expenses in bringing this litigation.

{12} In return, Plaintiff has agreed to seek leave to amend its pleading so as to delete any reference to the class allegations that are now a part of Plaintiff's claims.

{13} The settlement also includes reciprocal confidentiality obligations regarding the settlement terms, and the parties have requested that they be allowed to file the materials supporting the terms of their settlement under seal.

## III.
## ANALYSIS

{14} In *Moody*, the Court of Appeals held:

> [W]hen a plaintiff seeks voluntary dismissal of a pre-certification class-action complaint, the trial court should engage in a limited inquiry to determine (a) whether the parties have abused the class-action mechanism for personal gain, and (b) whether dismissal will prejudice absent putative class members. If the trial court finds that neither of these concerns are present, the plaintiff is entitled to a voluntary dismissal. However, if the trial court finds that one or both of these concerns are present, it retains discretion to address the issues.

*Moody*, ___ N.C. App. at ___, 664 S.E.2d at 579 (*citing Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314, 1315–16 (4th Cir. 1978)).

{15} Following the Court of Appeals' decision in *Moody*, Chief Business Court Judge Ben F. Tennille explained what information would be required from counsel to allow this Court to conduct its limited inquiry of a pre-certification motion for voluntary dismissal. Specifically:

> [C]ounsel [are] required to file with the Court a statement of (1) the reason for dismissal, (2) the personal gain received by the plaintiffs in any settlement, (3) a statement of any other material terms of the settlement, specifically including any terms which have the potential to impact class members, (4) a statement of any counsel fees paid to plaintiff's counsel by defendants, . . . (5) a statement of any agreement by plaintiff(s) restricting their ability to file other litigation against any defendant[,] . . . [and (6)] a statement either detailing any potential prejudice to putative class members or representing to the Court that no prejudice exists.

*Moody v. Sears, Roebuck & Co.*, 2008 NCBC 14 ¶ 3 (N.C. Super. Ct. Aug. 6, 2008), http://www.ncbusinesscourt.net/opinions/2008_NCBC_14.pdf.

{16}   For the reasons set forth below, the Court has determined that settlement of the individual claims is appropriate and that Plaintiff is entitled to a voluntary dismissal.

{17}   To begin with, there is a genuine controversy as to whether this matter may properly proceed as a class action.

{18}   Although this Court has twice denied motions to certify a class action alleging similar violations, *see Blitz v. Agean, Inc.*, 2007 NCBC 21 (N.C. Super. Ct. June 25, 2007), http://www.ncbusinesscourt.net/opinions/2007%20NCBC%2021.pdf; *Blitz v. Xpress Image, Inc.*, 2006 NCBC 10 (N.C. Super. Ct. Aug. 6, 2006), http://www.ncbusinesscourt.net/opinions/2006%20ncbc%2010.htm, the *Agean* case remains on appeal.

{19}   Moreover, the class-action mechanism has been recognized by other courts for the resolution of claims similar to those made by Plaintiff. *See, e.g.*, *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Civ. App. 2006).

{20}   Nevertheless, the Court also concludes that the nature of the claims alleged here justify an individual settlement.

{21}   Plaintiff has alleged nine (9) violations of the TCPA that are specific to it, and its class-action allegations appear to be limited to a fairly discrete universe of potential claimants.

{22}     The Court also finds that the putative class members will not be prejudiced by an individual settlement of Plaintiff's claims because the statute of limitations has been tolled as to all class members during this litigation.  *See Scarvey v. First Fed. Sav. & Loan Ass'n of Charlotte*, 146 N.C. App. 33, 42–43, 552 S.E.2d 655, 661 (2001) (holding that "the statutes of limitations on claims raised in a class action complaint are tolled as to all putative members of the class from the filing of the complaint until a denial of class action certification by the trial court").[3]

{23}   In that regard, no putative class member has intervened in this action or expressed to counsel or this Court any interest in doing so.  Nor has there been any media interest or pre-trial publicity regarding the claims in this case and, thus, no reason to believe that any putative class member is relying on Plaintiff's action to vindicate its rights.

{24}   The settlement agreement in this case provides that Defendant shall pay a stipulated amount to Plaintiff, with no provision as to how the proceeds are to be distributed.

{25}   Plaintiff's counsel, however, has submitted two declarations explaining the proposed distribution of the settlement proceeds.  After reviewing these declarations, the Court finds that Plaintiff's direct recovery is well within the statutory ceiling authorized for TCPA violations.

{26}   Moreover, while the TCPA does not authorize a prevailing plaintiff to recover costs and attorney fees in such litigation, the Court concludes that the proposed settlement arrives at a reasonable accommodation as to this issue,

---

[3] The Court in this case has not been called upon to decide the issue of class certification, and the parties' proposed settlement requires Plaintiff to amend its Complaint so as to delete the class-action allegations.  Nevertheless, consistent with the holding in *Scarvey,* the Court is satisfied that the statute of limitations remains tolled as to all putative class members until the class-action allegations are actually deleted from Plaintiff's pleading.

allowing Plaintiff to recover most (but not all) of its costs and fees, while also allowing Defendant to stanch further defense costs.[4]

{27} Finally, there is no agreement between these parties restricting Plaintiff's ability to file other litigation against any defendant.

{28} In sum, after careful consideration, the Court concludes there has been no abuse in this case of the class-action mechanism for personal gain.

{29} The Court also authorizes the parties to file the settlement agreement and supporting materials under seal.

{30} In authorizing this action, the Court is well aware that such documents are public records and, thus, are presumed to be available for public inspection pursuant to the North Carolina Public Records Act, N.C. Gen. Stat. §§ 132-1 to 132-10 (2007).

{31} Nevertheless, our Supreme Court has made clear that "trial courts always retain the necessary inherent power granted them by Article IV, Section 1 of the North Carolina Constitution to control their proceedings and records." *Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 463, 515 S.E.2d 675, 685 (1999).

{32} Further, because "'[t]he paramount duty of the trial judge is to supervise and control the course of the trial so as to prevent injustice,'" *id.* (*quoting In re Will of Hester*, 320 N.C. 738, 741, 360 S.E.2d 801, 804 (1987)), "a trial court may, in the proper circumstances, shield portions of court proceedings and records from the public[.]" *Id.*

{33} The Court is satisfied that sealing the parties' settlement agreement and supporting materials in this case is consistent with the interests of justice.

---

[4] Plaintiff's proposed distribution of the settlement proceeds provides for the payment of an expert witness fee. Were the Court setting such a fee in the first instance, it would likely not approve the amount allocated, as it appears excessive under the circumstances presented. By contrast, it appears that the amount allocated by Plaintiff to its attorneys fails to compensate them fully for their work in the case. Nevertheless, because the Court has determined that the total settlement amount is reasonable in light of the claims alleged, it declines to second guess how Plaintiff has chosen to compensate those who assisted it in prosecuting the action.

{34}   In the first place, but for the class-action allegations, the individual parties to this lawsuit could have settled their dispute confidentially and filed a voluntary dismissal without any oversight from this Court.

{35}   Second, the settlement amount in this case is relatively insubstantial, particularly when viewed in the context of the high-dollar business disputes typical of this Court's docket.

{36}   Third, while this case involves alleged violations of federal law, the subject matter does not implicate substantial public policy concerns.  Significantly, neither the media nor the public has voiced interest in the specific allegations made by the plaintiff in this case.

{37}   Accordingly, in the absence of any prejudice to the putative class members or the public at large, the Court concludes that maintaining the confidentiality of the parties' proposed settlement as a means of disposing of this case is consistent with the best interests of justice.

IV.

CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

{38}   That the parties' request to file the settlement documents under seal is **GRANTED**;

{39}   That Plaintiff's Motion for Leave to File Plaintiff's Fourth Amended Complaint is **GRANTED**;

{40}   That Plaintiff shall file its Fourth Amended Complaint within five (5) days of the entry of this Order; and

{41}   That Plaintiff shall thereafter file its notice of dismissal, in accordance with the terms of the parties' settlement agreement.

This the 24th day of October, 2008.