IN THE MATTER OF THE WILL OF OLA TURNER PRINCE

No. 9118SC1234

(Filed 16 February 1993)

**1. Wills § 21.4 (NCI3d) — caveat proceeding — undue influence — insufficient evidence**

Caveators' evidence was insufficient to warrant submission to the jury of an issue of undue influence by propounder where it tended to show that testatrix was old and at times suffered a memory loss; propounder, testatrix's brother, assisted testatrix with some of her affairs after the death of testatrix's husband; propounder's former daughter-in-law made an appointment at testatrix's request for testatrix to discuss the preparation of her will with an attorney; propounder drove testatrix to see the attorney and was present at her conference with the attorney; testatrix did not provide in her will for her illegitimate son and her two grandchildren; on occasions testatrix expressed to others that she was afraid of propounder; and propounder was a beneficiary under her will.

**Am Jur 2d, Wills § 151.**

**2. Wills § 19 (NCI3d) — caveat proceeding — exclusion of document in testatrix's handwriting — remoteness — probative value outweighed by prejudice**

The trial court in a caveat proceeding did not abuse its discretion in excluding a document handwritten by the testatrix fifteen years prior to the execution of her will when it was offered by caveators to prove testatrix's state of mind because it was remote in time, failed to specify to whom it referred,

and failed to show a susceptibility of testatrix to propounder's influence, and its probative value was substantially outweighed by its danger of prejudice.

**Am Jur 2d, Wills § 152.**

Appeal by respondent-caveator, Edna Jacqueline Prince Griffin, from judgment entered 10 June 1991 by Judge Thomas W. Seay, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 12 November 1992.

> *Boddie & Bolton, by John H. Boddie, for respondent-caveator Edna Jacqueline Prince Griffin.*

> *J. Sam Johnson, Jr., for petitioner-propounder Doyle Turner.*

JOHNSON, Judge.

Respondent's appeal is from a judgment based upon a jury verdict that the paper writing offered for probate by the propounder, William Doyle Turner, Sr., was the last will and testament of Ola Turner Prince. Caveats were originally filed by respondents Edna J. Prince Griffin and Elbert Wayne Williams. Respondent, Edna J. Prince Griffin, gave written notice of appeal on 5 July 1991.

At the 5 June 1991 trial, propounder's evidence tended to show that: In 1988, testatrix lived alone and for the most part took care of herself and handled her own business affairs. During the summer of 1988, testatrix decided to change her will and on 25 July 1988, she visited the Guilford County office of attorney Sam Johnson to have a will prepared. On this visit, attorney Johnson met with testatrix for about one and one half hours. In addition to giving attorney Johnson the pertinent information to prepare her will, testatrix told the attorney her age, birth date, address, telephone number, the profession from which she retired, the date of her husband's death, the fact that her deceased husband is the biological father of respondent Edna, that she is the adopted mother of Edna, and that the adoption took place in Guilford County, North Carolina.

Testatrix gave attorney Johnson a copy of her prior will of 1987 and directed him to refer to the specific legacies contained therein for the purpose of placing those same legacies in the will he was to prepare. Testatrix returned to attorney Johnson's office on 28 July 1988 and confirmed the contents of the will. On 29

July 1988, testatrix returned and properly executed the will. Propounder accompanied testatrix to the attorney's office only on 29 July 1988. He drove her there at her request; however, he never sat in on a conference with testatrix and her attorney. Each time attorney Johnson met with testatrix, he conferenced with her alone.

The beneficiaries in the will of 29 July 1988 are: respondent Edna J. Prince Griffin, testatrix's sister Alice M. Turner, testatrix's brothers Lemuel Turner and propounder William Doyle Turner. Respondent Griffin was to receive testatrix's automobile, the property at 1511 Lincoln Street with its contents and furnishings, and the real property in Hopewell, Virginia. The property at 1010 Logan Street was to be placed in trust for the life of Alice, with the remainder to propounder and Lemuel; the property in Lee County was to go to the survivors of propounder, Lemuel and Alice; and the residue of the estate was to go to propounder, Lemuel and Alice.

Respondent's evidence tended to show that: During the summer of 1988, testatrix, seventy-six years old, suffered from various episodes of confusion and memory loss. Some of testatrix's confusion may have been due to her medication. Testatrix lived alone and for the most part, cared for herself and took care of her own affairs. Occasionally, she would get lost driving within the neighborhood. In September 1988, she was diagnosed as having a mental disorder called dementia. She was afraid of propounder, her brother, who visited her on regular basis. At times she was of the opinion that he was stealing property from her.

On 29 July 1988, testatrix visited the office of attorney Sam Johnson for the purpose of having a will prepared. She was accompanied by the propounder and propounder's former daughter-in-law, Elvira S. Turner. Elvira made the appointment with the attorney at testatrix's request. At the attorney's office, testatrix identified her property and named the relatives that she wanted to receive property in her will. Testatrix's illegitimate son, Elbert Wayne Williams, received nothing in her will. Elbert, a drifter, seldom contacted any of the family members and whenever he did contact a family member, it was usually when he needed money. Propounder and Elvira sat in the conference with testatrix and attorney Johnson on 29 July 1988. In that conference, propounder expressed concern over testatrix's intent to leave certain property to her daughter, respondent Edna J. Prince Griffin, and to testatrix's sister, Alice M. Turner. Despite propounder's expressed concern, testatrix in-

IN RE WILL OF PRINCE

[109 N.C. App. 58 (1993)]

structed attorney Johnson as to various provisions she wanted to make in her will for her daughter, her sister and other relatives.

At the close of the evidence presented, the jury returned the following verdicts: (1) that at the time of the signing and executing the paper writing dated July 29, 1988, Ola Turner Prince had sufficient mental capacity to make and execute a valid last Will and Testament and (2) that the paper writing dated July 29, 1988, was in every part thereof, the Last Will and Testament of Ola Turner Prince.

[1] By her first assignment of error, respondent contends the trial court erred in denying respondent's request to instruct the jury on the issue of undue influence.

In a caveat proceeding, the burden of proof is upon the propounder to prove that the instrument in question was executed with proper formalities required by law. "Once this has been established, the burden shifts to the caveator to show by the greater weight of the evidence that the execution of the instrument was procured by undue influence." *In re Andrews*, 299 N.C. 52, 54, 261 S.E.2d 198, 199 (1980). It is our duty, on review of this first assignment of error, to consider all of the evidence in the light most favorable to the caveators, deem their evidence to be true, resolve all conflicts in their favor and give the caveators the benefit of every reasonable inference to be drawn in their favor. *Id.*

For the influence to be undue:

[T]here must be something operating upon the mind of the person whose act is called in judgment, of sufficient controlling effect to destroy free agency and to render the instrument, brought in question, not properly an expression of the wishes of the maker, but rather the expression of the will of another. It is the substitution of the mind of the person exercising the influence for the mind of the testator, causing him to make a will which he otherwise would not have made. (citations omitted).

*In re Will of Kemp*, 234 N.C. 495, 498, 67 S.E.2d 672, 674 (1951).

Our Supreme Court has enumerated seven factors that are probative on the issue of undue influence:

1. Old age and physical and mental weakness.

2. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.

3. That others have little or no opportunity to see him.

4. That the will is different from and revokes a prior will.

5. That it is made in favor of one with whom there are no ties of blood.

6. That it disinherits the natural objects of his bounty.

7. That the beneficiary has procured its execution.

*In re Will of Mueller*, 170 N.C. 28, 30, 86 S.E. 719, 720 (1915).

In the case at hand, respondent contends that sufficient evidence was presented to support factors (1), (2), (4), (6), and (7) enumerated above to warrant submission of an issue of undue influence:

(1) During 1988, testatrix was mentally weak and suffered episodic confusion and loss of memory. She was on medication and had good days and bad days as far as remembering things. She was seventy-five years of age on 29 July 1988 when the will was executed. In September 1988, she was diagnosed as having a mental disorder of dementia.

(2) Propounder lived in Sanford, North Carolina and testatrix lived in Greensboro, North Carolina. After testatrix's husband died, testatrix would call upon propounder to drive her various places and to assist her with some of her affairs. During 1986, he saw testatrix at least twice each week. On occasions, propounder visited testatrix in her home without testatrix having invited him. After July 1988, testatrix only called upon propounder once or twice per month to help her. Testatrix expressed to others that she was afraid of propounder and that she thought he was taking some of her property.

(4) Testatrix had made prior wills, one in 1982 and one in 1987. Respondent was familiar with the 1982 and 1987 wills. The 1987 will left property to her and to propounder. She did not remember if the will contained any other devises.

**IN RE WILL OF PRINCE**

[109 N.C. App. 58 (1993)]

(6) The 1988 will made no provision for testatrix's son, Elbert Wayne Williams, nor for her two grandchildren Olivia and Elizabeth Griffin.

(7) Propounder's former daughter-in-law made the appointment with the attorney for testatrix. She and the testatrix were driven to the attorney's office by propounder. Propounder told the attorney that they brought testatrix there at her request. Propounder was present during the discussions with the attorney, and asked testatrix why she wanted to leave the Logan Street property to her sister Alice.

The test for determining the sufficiency of the evidence of undue influence is usually stated as follows:

[i]t is generally proved by a number of facts, each one of which standing alone may have little weight, but taken collectively may satisfy a rational mind of its existence. (citations omitted).

*In re Andrews*, 299 N.C. at 55,. 261 S.E.2d at 200.

We do not believe respondent presented sufficient evidence of undue influence to have warranted submission of such an issue to the jury. Evidence that testatrix was old and at times suffered with memory loss; that propounder, testatrix's brother, assisted testatrix with some of her affairs after testatrix's husband's death; that propounder's former daughter-in-law at testatrix's request made the appointment with the attorney; that propounder drove testatrix to see her attorney and sat in the conference she had with her attorney; that testatrix did not make provisions in her will for her illegitimate son and her two grandchildren; that on occasions testatrix has expressed to others that she was afraid of propounder; and that propounder was a beneficiary under the will, are insufficient factors to support an inference of undue influence. This evidence fails "to support an inference that the will was the result of an overpowering influence exerted by propounder of testatrix which overcame testatrix's free will and substituted for it the wishes of propounder, so that testatrix executed a will that she otherwise would not have executed." *In re Coley*, 53 N.C. App. 318, 324, 280 S.E.2d 770, 774 (1981). This assignment of error is overruled. The trial judge correctly charged the jury on the proper issues.

**[2]** Respondent also contends that the trial court erred in its exclusion of respondent's exhibit #2 because it was relevant and material. We find this argument to be meritless.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." North Carolina General Statutes § 8C-1, Rule 403 (1988).

The paper in question is a three-page document which respondents wished to enter into evidence to prove the state of mind of the testatrix. Although in the testatrix's handwriting, the document had the date of 17 October 1974 listed on the first page, fifteen years prior to the execution of the will; did not indicate it was addressed to anyone; spoke of a "relative" that was never named in the document; and did not describe anyone, except to refer to the person as "he".

Because the document was remote in time, failed to specify to whom the document was referring, and failed to definitely show a susceptibility of propounder to influence testatrix, its probative value is substantially outweighed by its danger of prejudice. The trial court properly exercised its discretion in excluding the evidence. We, therefore, affirm.

Judges COZORT and LEWIS concur.