IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-844

No. COA22-186

Filed 20 December 2022

Transylvania County, No. 19-E-270

IN THE MATTER OF THE ESTATE OF CARLTON MARION PAXTON

TERRY CARLTON PAXTON, Caveator,

v.

BERLIS ROBERT OWEN, Propounder.

Appeal by Terry Carlton Paxton from Order entered 6 September 2021 by Judge Mark E. Powell in Transylvania County Superior Court. Heard in the Court of Appeals 1 November 2022.

*Donald H. Barton for caveator-appellant.*

*Whitfield-Cargile Law, PLLC, by Davis A. Whitfield-Cargile, for propounder-appellee.*

HAMPSON, Judge.

**Factual and Procedural Background**

Terry Carlton Paxton (Caveator) appeals from an Order entered in favor of Berlis Robert Owen (Propounder) on 15 September 2021 granting Propounder's Motion for Summary Judgment. The Record before us tends to reflect the following:

¶ 2        Carlton Marion Paxton (Testator) executed two wills[1] during his lifetime, both of which expressly excluded Caveator from inheriting any of his estate.  Testator passed away on 15 September 2019.  Propounder offered Testator's Last Will and Testament (Will), dated 3 March 2019, for probate on 9 September 2019.  The Will included the following statement: "My son, Terry Carlton Paxton, has been specifically excluded from inheriting any of my estate for reasons known to him."  The Will left Testator's entire estate to Propounder, who Testator described in the Will as "my friend[.]"

¶ 3        On 16 September 2019, Caveator, son of Testator, filed a Caveat seeking to invalidate Testator's Will on the grounds of undue influence.  Caveator alleged, in relevant part:

> 4.  That the typed document dated March 3, 2019, a copy of which is attached as Exhibit "A", is not the Last Will and Testatment [sic] of Carlton Marion Paxton.
>
> 5.  As this Caveator is informed and believes, and upon such information and belief avers, the execution of said typed document and the signature of the said Carlton Marion Paxton thereto was obtained by Berlis Robert Owen, et[] al. through undue and improper influence and duress upon the said Carlton Marion Paxton.
>
> 6.  At the time of the purported execution of said typed document

---

[1] The earliest will in the Record, dated 29 May 1990, left Testator's entire estate to Testator's brother, Edward Clinton Paxton.  The 1990 Will expressly provided: "My son, Terry Carlton Paxton, has been specifically excluded from inheriting any of my estate for reasons known to him."

by the said Carlton Marion Paxton, he, the said, Carlton Marion Paxton, was by reason of age, disease, and both mental and physical weakness and infirmity not capable of executing a last will and testament, which condition existed and continued until the death of the said Carlton Marion Paxton.

On 10 October 2019, Propounder filed a Motion to Dismiss the caveat proceeding pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. The trial court denied the Motion to Dismiss on 1 November 2019.

On 12 July 2021, Propounder filed a Motion for Summary Judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. A hearing on Propounder's Motion for Summary Judgment was held on 4 August 2021. On the morning of the hearing, Caveator filed and served an Affidavit in Opposition of Motion for Summary Judgment signed by Keith Eades (Eades), a nephew of Testator. Eades's affidavit expressed concern for Testator's mental and physical health, stating he "was very concerned for [Testator's] wellbeing, feeling like [Testator] did not have long to live."

On 15 September 2021, the trial court entered its Order granting Summary Judgment in favor of Propounder, concluding:

> The affidavit of Mr. Eades and the deposition testimony of the Caveator do not offer a forecast of facts sufficient to put the question of capacity, undue influence[,] or duress before the jury. Because the Caveator has made no forecast of evidence to submit the question of undue influence or duress to the jury, the Court concludes as a matter of law that the propounded will was not the product of undue influence or duress.

Caveator timely filed written Notice of Appeal on 13 October 2021.

## **Issue**

The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of Propounder.[2]

## **Analysis**

"Our standard of review of an appeal from summary judgment is de novo[.]" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021). "A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citations omitted). "If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." *Id.* (citations omitted). "If the moving party satisfies its burden of

---

[2] Caveator makes an additional and very summary argument that the trial court erred by including Findings of Fact in its Order at the Summary Judgment stage, which the trial court described as undisputed facts. Given our disposition in this case, it is not necessary to address Caveator's argument on this issue.

proof, then the burden shifts to the non-moving party to 'set forth *specific facts* showing that there is a genuine issue for trial.' " *Id.* at 369-70, 289 S.E.2d at 366 (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e) (2021) (emphasis added)). "The non-moving party 'may not rest upon the mere allegations of his pleadings.' " *Id.* Additionally, conclusory statements of opinion "as opposed to statements of fact, are not properly considered on a motion for summary judgment." *In re Whitaker*, 144 N.C. App. 295, 299, 547 S.E.2d 853, 857 (2001).

¶ 9        On appeal, Caveator advances the argument the trial court erred in granting Summary Judgment in favor of Propounder because there was a genuine issue of material fact as to whether Testator's Will was the product of undue influence.[3]

¶ 10        "In the context of a will caveat, '[u]ndue influence is more than mere persuasion, because a person may be influenced to do an act which is nevertheless his voluntary action.' " *In re Will of Sechrest*, 140 N.C. App. 464, 468, 537 S.E.2d 511, 515 (2000) (alteration in original) (quoting *In re Will of Buck,* 130 N.C. App. 408, 413, 503 S.E.2d 126, 130 (1998), *aff'd,* 350 N.C. 621, 516 S.E.2d 858 (1999)). "The influence necessary to nullify a testamentary instrument is the fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result." *Whitaker*, 144 N.C. App. at

---

[3] Caveator does not challenge the trial court's conclusion Testator had the requisite mental capacity to execute the Will.

300, 547 S.E.2d at 857-58 (citations and quotation marks omitted). "The four general elements of undue influence are: (1) decedent is subject to influence, (2) beneficiary has an opportunity to exert influence, (3) beneficiary has a disposition to exert influence, and (4) the resulting will indicates undue influence." *In re Will of Smith*, 158 N.C. App. 722, 726, 582 S.E.2d 356, 359 (2003) (citation omitted).

¶ 11     The North Carolina Supreme Court has acknowledged:

> It is impossible to set forth all the various combinations of facts and circumstances that are sufficient to make out a case of undue influence because the possibilities are as limitless as the imagination of the adroit and the cunning. The very nature of undue influence makes it impossible for the law to lay down tests to determine its existence with mathematical certainty.

*In re Andrews*, 299 N.C. 52, 54-55, 261 S.E.2d 198, 200 (1980) (citation omitted). Undue influence "is 'generally proved by a number of facts, each one of which standing alone may have little weight, but taken collectively may satisfy a rational mind of its existence.' " *In re Will of Mueller*, 170 N.C. 28, 29, 86 S.E. 719 (1915) (quoting *In re Will of Everett*, 153 N.C. 83, 87, 68 S.E. 924, 925 (1910)). Our Courts have identified several factors that may be relevant in determining whether a will was procured under undue influence over the testator, including:

> "1. Old age and physical and mental weakness.
>
> 2. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.

3. That others have little or no opportunity to see him.

4. That the will is different from and revokes a prior will.

5. That it is made in favor of one with whom there are no ties of blood.

6. That it disinherits the natural objects of his bounty.

7. That the beneficiary has procured its execution."

*Andrews*, 299 N.C. at 55, 261 S.E.2d at 200 (quoting *Mueller*, 170 N.C. at 30, 86 S.E. at 720 (1915)).  Although the caveator is not required to demonstrate the existence of every factor to prove undue influence, the caveator must establish a *prima facie* case. *See id.* at 55, 261 S.E.2d at 200 ("[T]he burden of proving undue influence is on the caveator and he must present sufficient evidence to make out a *prima facie* case in order to take the case to the jury.").  In summary:

> For influence to be undue, "there must be something operating upon the mind of the person whose act is called in judgment, of sufficient controlling effect to destroy free agency and to render the instrument, brought in question, not properly an expression of the wishes of the maker, but rather the expression of the will of another.  It is the substitution of the mind of the person exercising the influence for the mind of the testator, causing [her] to make a will which [she] otherwise would not have made."

*In re Will of Campbell*, 155 N.C. App. 441, 455, 573 S.E.2d 550, 560 (2002) (alterations in original) (quoting *In re Will of Prince*, 109 N.C. App. 58, 61, 425 S.E.2d 711, 713-14 (1993) (citations omitted)).

In the case *sub judice*, Caveator alleges the existence of undue influence based

on the following physical and mental conditions: Testator was seventy-nine years of age, suffering from poor health; Testator was on oxygen twenty-four hours a day, seven days a week; Testator suffered from chronic obstructive pulmonary disease; Testator was on a suprapubic catheter; and Testator was severely depressed. Caveator also points to the following testimony to support the existence of undue influence: Testator executed a prior will not naming Propounder as his beneficiary and Testator "expressed a strong desire that his property remain in the Paxton family[.]" In further support of this argument, Caveator notes Propounder "was not a relative, but a neighbor and caretaker, who assisted in the procuring of the Will in which he was named as beneficiary."

¶ 13        In briefing on appeal to this Court, Caveator makes arguments as to the existence of physical and mental weakness relevant to undue influence; however, Caveator fails to explain or point to any evidence in the Record as to how these factors resulted in undue influence in the case at hand. Specifically, Caveator contends Propounder "had both the opportunity to exert influence over [Testator] and his active role in procuring the execution of the Will in his favor was indicative of his disposition to exert influence over [Testator]." Without presenting specific facts demonstrating the Will was executed as a result of Propounder's fraudulent and overpowering influence over Testator, Caveator's allegation of undue influence is just that: a mere allegation unsupported by any forecast of evidence. *See Whitaker*, 144 N.C. App. at

302, 547 S.E.2d at 858 ("[C]onclusory statements of opinion are not evidence properly considered on a motion for summary judgment.").

¶ 14        Thus, as the trial court recognized, Caveator has failed to set forth specific facts demonstrating Propounder procured the execution of the Will or exerted undue influence over Testator.  Therefore, Caveator failed to carry his burden of establishing the existence of a genuine issue of material fact as to whether Testator's Will was the product of undue influence.  Consequently, the trial court did not err in granting Summary Judgment in favor of Propounder.

## **Conclusion**

¶ 15        Accordingly, for the foregoing reasons, we affirm the trial court's Order granting Summary Judgment to Propounder.

AFFIRMED.

Chief Judge STROUD and Judge JACKSON concur.